## KRILL ET AL. *v.* CARLSON ET AL.

[No. 10,544. Filed October 29, 1920.]

1. JUDGMENT.—*Default Judgment.—Absence of Attorney.—Liability of Party.*—The negligence of an attorney employed by a party is the negligence of the party himself. p. 49.

2. JUDGMENT.—*Default Judgment.—Absence of Attorney.—Relief.*—Relief will not be given to defendant, under §405 Burns 1914, §396 R. S. 1881, from a judgment taken against him by

default, in the absence of his attorney, on the ground of excusable neglect, where such absence was caused by the attorney relying on information that the case would not be tried at the time fixed, given by a member of the bar of the court, but unconnected with the cause. p. 49.

3. JUDGMENT.—*Default Judgment.*—*Relief.*—*Discretion of Court.* —Trial courts, independently of §405 Burns 1914, §396 R. S. 1881, possess and exercise a very large discretion in vacating judgments taken by default. p. 50.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Carl A. Carlson and others against Peter W. Krill and others. Judgment by default was taken against defendants, and from a denial of an application for relief, they appeal. *Affirmed.*

*L. V. Cravens* and *Ibach, Gavit, Tinkham & Stinson,* for appellants.

*Roe & Peterson,* for appellee.

REMY, J.—Application by appellants, under §135 of the Code of Civil Procedure (§405 Burns 1914, §396 R. S. 1881), for relief from a judgment taken against them by default. A hearing by the court resulted in overruling the application. This action of the trial court is the only error assigned.

It is conceded by appellees that the facts set forth in appellants' petition and supporting affidavit are sufficient to show a meritorious defense to the original action. The only question for our consideration is whether or not, under the evidence, the judgment was taken through appellants' excusable neglect. The facts as shown by the petition and evidence are not in dispute, and are as follows: Appellees' cause of action against appellants was pending in the Lake Superior Court in the city of Hammond, and the time fixed for trial was the morning of January 23, 1919. On January 22, 1919, appellants' attorney of record in said cause, and who maintained his office in the city of East

Chicago, a distance of about three miles from the court-house in the city of Hammond, where the cause was pending, called by telephone an attorney residing in the city of Hammond, a member of the bar of said superior court, but who was in no way connected with the cause, and made inquiry as to whether or not the cause would be tried at the time fixed, and was informed by such Hammond attorney in answer that in his opinion the cause would not be reached by the court until 1:30 o'clock in the afternoon of January 23, 1919. Relying upon the information thus received, appellants' attorney did not appear for the trial of the cause at the time fixed, and in his absence the cause was called for trial, and a judgment was taken against appellants by default. Thereafter, at 1:30 o'clock in the afternoon of the same day, appellants' attorney appeared in the superior court and gave notice that at a later date he would apply for relief from the judgment, which was accordingly done at the March term, 1919, of the court.

It is fundamental that the negligence of an attorney employed by a party is the negligence of the party himself. *Brumbaugh* v. *Stockman* (1882), 83 Ind.

1. 583, 588. This principle is not controverted by appellants, but it is urged that appellants' attorney had a right to rely upon the information

2. given by the attorney of whom he made the inquiry, and that therefore his absence from court at the time the case was called and the default taken was excusable neglect within the meaning of the statute. The same question was presented to this court in the case of *Cresswell* v. *White* (1891), 3 Ind. App. 306, 29 N. E. 612, and was there rightly decided adversely to appellants' contention. The attorney who gave the information, not being in appellees' employ, had no

authority to bind appellee, and the fact that said attorney was an officer of the court did not bind the court. See *Western Union Tel. Co.* v. *Griffin* (1890), 1 Ind. App. 46, 27 N. E. 113; *American Brewing Co.* v. *Jergens* (1899), 21 Ind. App. 595, 52 N. E. 820. If the inquiry had been directed to, and the information given by, appellees or their attorney, or if appellants had in any way been misled by appellees or their attorney, a different question would be presented. We therefore hold that the trial court did not err in overruling appellants' application for relief.

Trial courts, independently of the section of the Code under which this action was brought, possess and exercise a very large discretion in vacating judg-
3. ments taken by default (*Masten* v. *Indiana Car, etc., Co.* [1900], 25 Ind. App. 175, 185, 57 N. E. 148); and it would have been within the discretion of the trial court in this case to have set aside the judgment and permitted a trial upon the merits, and, had the court so decided, its action would not have been reversible error.

Judgment affirmed.