## DELEWSKI v. DELEWSKI.

[No. 10,907.    Filed June 3, 1921.]

1. JUDGMENT.—*Default Judgment.—Setting Aside.—Negligence of Attorney.*—Negligence of an attorney is the negligence of the client, and relief from a judgment taken by default because of an attorney's negligence will not be granted unless such negligence is shown to be excusable.  p. 46.

2. JUDGMENT.—*Default Judgment.—Setting Aside.*—In a proceeding to set aside a default judgment by reason of the excusable neglect of defendant's attorney, such negligence is not ground for relief unless such attorney acted with the prudence ordinarily exercised by a man in transacting his own important business.  p. 47.

3. JUDGMENT.—*Default Judgment.—Setting Aside.—Discretion of Court.*—Application under §405 Burns 1914, §396 R. S.

1881, for relief from judgments taken by default are addressed to the sound discretion of the court. p. 47.

4. DIVORCE.—*Default Judgment.—Denial of Relief.—Discretion of Court.*—Where defendant in a divorce proceedings employed an attorney who appeared and resisted an application for an order against him for expense money, but who failed to enter his appearance or the appearance of his firm on the appearance docket of the court, as required by §1074 Burns 1914, Acts 1913, p. 151, for about four months, and who then absented himself from the state for several weeks on account of the illness of his wife without conferring with his partners about the employment in the case, during which time judgment by default was entered against defendant, the trial court did not abuse its discretion in denying defendant's application under §405 Burns 1914, §396 R. S. 1881, for relief from such judgment. p. 47.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Application by Leon Delewski for relief from a default judgment against him in favor of Helen Delewski. From a denial of the application, defendant appeals. *Affirmed.*

*R. M. Royce* and *A. P. Twyman,* for appellant.
*Frank H. Novak* and *E. G. Ballard,* for appellee.

REMY, J.—Application by appellant, under §135 of the Code of Civil Procedure (§405 Burns 1914, §396 R. S. 1881), for relief from a judgment taken against him by default. Appellee having filed a counter affidavit, a hearing was had, resulting in a denial of the application. This action of the court is assigned as error.

The only question presented is whether or not, under the facts as shown by the application and counter affidavit, the judgment was taken through appellant's excusable neglect. These facts are as follows: On November 12, 1918, appellee commenced this proceeding against appellant in the Lake Circuit Court, the same being a suit for divorce. The summons, which by indorsement on the complaint was made returnable

December 9, 1918, was by the sheriff duly served by reading November 14, 1918, as was a notice that appellee would, on November 19, 1918, apply to the court for an order to require appellant to advance to appellee a sum of money sufficient to enable her to prosecute her suit.   After being served with summons and notice, appellant employed one Joseph A. Meade, who at the time was a member of the Lake county bar, and as such was in partnership with one Royce in the practice of law in Lake county, with offices in the city of East Chicago. Meade pursuant to his employment appeared in court at the time fixed by the notice, and successfully resisted appellee's application for an order against appellant for expense money; but said attorney failed to enter his appearance or the appearance of his firm on the appearance docket of the court as is required by statute in causes for divorce.   §1074 Burns 1914, Acts 1913 p. 151. On March 29, 1919, Meade, because of the serious illness of his wife, was called to the city of El Paso, in the State of Texas, and continuously thereafter for many weeks was out of the State of Indiana, and was out of the state on April 21, 1919, on which date appellant, for failure to answer appellee's complaint was defaulted.   After such default the prosecuting attorney appeared for the state, and filed an answer in denial, and the evidence being heard, the court rendered judgment for appellee.   It also appears that Meade when called away neglected to inform his said partner of the contract of employment by appellant.

It has frequently been held by the courts of appeal of this state that the negligence of an attorney is the negligence of the client, and that relief from a

1.  judgment taken by default will not be granted unless the negligence of the attorney is shown to be excusable.   *Carr* v. *First Nat. Bank* (1905), 35 Ind.

App. 216, 73 N. E. 947. It has also been held in cases of this character, that the diligence required of an attorney is such as a man of ordinary prudence gives to his own important business. *Mutual Reserve Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621, 86 N. E. 506.

Appellant's said attorney was employed November 14, 1918. He was not called away till March 29, 1919. During those five months he failed to enter his appearance, and upon going away neglected to confer with his partner about the employment or status of the case. Under the well settled rule that applications for relief from judgments taken by default are addressed to the sound discretion of the court (*Neat* v. *Topp* [1912], 49 Ind. App. 512, 97 N. E. 578) we cannot say that, under the facts shown by the record in this case, the court abused its discretion.

Affirmed.