UNITED TAXI COMPANY, INC., ET AL. *v.* DILWORTH.

[No. 16,154. Filed May 2, 1939. Rehearing denied June 13, 1939.]

*Kammins & Kroot,* for appellants.

*Stark & Manifold,* for appellee.

LAYMON, J.—Appellants sought by this action to set aside a default judgment rendered against them in the Municipal Court of Marion County, Indiana, in an action wherein appellee was plaintiff and appellants were defendants, upon the ground that said default judgment was taken through their alleged mistake, inadvertence, surprise or excusable neglect as provided by the statute (Sec. 2-1068 Burns 1933, §173 Baldwin's Ind. St. 1934).

There was a trial by the court, who found for the appellee and refused to set aside the default judgment and rendered judgment accordingly. Following the overruling of a motion for a new trial, this appeal was perfected, the error assigned being the overruling of said motion, the grounds of which are that the decision is not sustained by sufficient evidence and that the decision is contrary to law.

It appears from the facts, which were stipulated, that appellee, on April 27, 1937, filed her complaint for damages in Room 2 of the Municipal Court of Marion County, Indiana, being cause No. 64916, and made appellants defendants thereto and caused summons to issue thereon returnable on May 10, 1937; that a firm of attorneys of the City of Indianapolis entered their general appearance in said cause for the defendants and caused their appearance to be noted on the court docket and filed an appearance card with the papers in the cause; that on May 18, 1937, appellee, as plaintiff in said action, obtained a rule of the court for the defendants (appellants) to answer the complaint on or before May 25, 1937. This rule, at the request of appellants' counsel, was extended to June 4, 1937; that on June 14, 1937, and upon failure of appellants to comply with the rule theretofore made, and upon motion of appellee, the appellants were each defaulted, and judgment was entered against them; that there was nothing further done until the 6th day of July, 1937, when an execution was issued on said judgment; and that no action was taken by appellants until July 23, 1937, when the present action was instituted by them to set aside the default judgment.

It is contended that the default judgment was taken against appellants through the mistake, inadvertence, or excusable neglect of their counsel who believed that the rules of practice and procedure adopted by and in

force in the Superior and Probate Courts of Marion County governed and were applicable to the Municipal Courts of Marion County and that under such rules a party could only be defaulted upon motion of the opposing attorney, when such motion was accompanied by proof of the service of a notice on such party at the time of moving for such default, or upon the court's motion upon the giving of a five-day notice by the clerk. Appellants' counsel had received no notice that appellee's attorney was moving for a default judgment.

Appellants argue that only one of the attorneys of the firm actually represented appellants, and that he was, during the months of May and June, 1937, busily engaged in his practice of law and "pressed continually by the demands of urgent and emergency matters," and many cases "which said attorney handled were set for trial, including cases in Marion, Hancock and Hendricks Counties." As a further excuse, appellants advance the reason that said attorney maintained a record or calendar upon which he noted the date of the expiration of rules to answer and of all hearings and court matters, relying upon said calendar in attending to such matters, and that through inadvertence he failed to make any entry of the date when the rule for him to answer in said cause in which the default was taken would expire.

The Municipal Courts of Marion County are expressly authorized to adopt rules for conducting the business of such courts, providing such rules are not repugnant to the laws of this state. (Sec. 4-2505, Burns 1933, §1720 Baldwin's 1934.)

The appellants were defaulted and a judgment was entered in conformity with the rules adopted by the Municipal Courts of Marion County, which rules were in force at that time and were authorized by our statute. (Sec. 2-1102 Burns 1933, §178 Baldwin's 1934.)

In disposing of the questions presented in this appeal,

we recognize the rule that where there is any doubt as to the sufficiency of the showing of excusable neglect or inadvertence, the doubt should be resolved in favor of the application. But we are unable to satisfy our judgment that the reasons advanced for failure to discharge the rule are sufficient, in this case, to warrant the reversal of the judgment of the trial court. Courts should, and, as a general rule do, recognize that counsel, on account of urgent business or on account of being busily engaged with other legal matters, are at times unable to transact the business in their courts at the particular time required, and, under such a showing, they are tolerant in enforcing the attendance of counsel.

Rules are made by the courts primarily for the purpose of dispatching their business in such a manner as to obviate intolerable and unreasonable delays which would result without definite procedural measures. Litigants and their counsel should make a reasnoable, diligent, and good-faith effort to comply with such rules.

In the instant case there was no effort made by appellants or their counsel to obtain a continuance or an extension for further time in which to answer. So far as the record discloses, counsel for appellants made no attempt to communicate to the court, or to anyone, that they were unable, because of business matters, to comply with the rule to answer. Furthermore, there is no showing that the member of the law firm engaged to represent appellant, or his associate, could not have communicated with the court or have made some effort to comply with the rule or have attempted to obtain an extension for further time.

Under these facts it can hardly be contended, as constituting excusable neglect, that appellants' counsel were mistaken as to what the rules of the Municipal

Court were at the time or that they neglected to enter the rule day on their daily calendar.

What constitutes excusable neglect or inad-  vertence within the meaning of the statute is to be determined from the facts of each particular case.

In the instant case there is sufficient evidence to sustain the action of the trial court, and we are not permitted to disturb the finding. Judgment affirmed.