MOE *v.* KOE.

[No. 2-174A13. Filed July 15, 1975. Rehearing denied September 2, 1975. Transfer denied March 9, 1976.]

*Clifford G. Antcliff*, of Greenwood, for appellant.

*Theodore L. Sendak*, Attorney General, *Gary M. Crist*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Moe (the father) appeals from a judgment denying his Petition for Relief from Judgment Pursuant to Trial Rule 60, claiming that a prior judgment against him in a paternity action should be set aside because of mistake, surprise and excusable neglect.

We affirm.

## FACTS

The facts and evidence most favorable to Appellee and the judgment below are:

On June 19, 1971, Koe gave birth in Marion County to a child born out of wedlock and filed a petition in the Juvenile Court of Marion County on July 20, 1971 to establish Moe as the father. Moe was personally served with summons and immediately visited the "Legal Aid Services" in Indianapolis and, according to his testimony, was advised that he did not need counsel at the trial.

Moe, a carpenter with a high school education, then appeared in Juvenile Court prior to the date of the trial and admitted to having sexual relations with Koe. Also at that

time he had conversation with the deputy prosecutor about the need for counsel to represent him and was advised that the trial judge would wish to know if he intended to go ahead without an attorney. Moe stated that "he wasn't the father of this child and he could prove it himself".

On the day of the paternity trial, January 24, 1972, Moe appeared without counsel, participated in the trial, but did not raise any defense. In attempting to cross-examine Koe, he was assisted by the court. Before the proceedings began, the court also inquired of Moe if he had chosen to proceed by himself without an attorney, to which inquiry he replied in the affirmative. A judgment was entered against Moe on that date, January 24, 1972, and he then proceeded to retain an attorney to perfect an appeal, paying him $175.

Neither the attorney nor Moe took any action until December of 1972. Moe was summoned to appear in Juvenile Court for contempt and at that time sought to locate his attorney. Apparently he did so because the attorney represented him at the Contempt Citation Hearing on December 16, 1972. Thereafter, Moe hired another attorney who proceeded to file a Verified Petition for Relief from Judgment pursuant to Rule TR. 60 on February 15, 1974, alleging that Moe had a good and valid defense to the judgment against him and that such judgment was a result of mistake, surprise and excusable neglect on his part. The petition also took the same position of mistake, surprise and excusable neglect as to Moe's failure to take an appeal from the paternity judgment of January 24, 1972.

At the hearing on this petition, Moe testified that he had been advised by the Legal Aid Services of Indianapolis that it was unnecessary for him to have an attorney represent him at the paternity trial, that he was ignorant of legal proceedings, that as a result of his military service in Viet Nam he developed blood poisoning which adversely affected his fertility, and that he was unaware no action had been taken by his attorney to perfect his appeal until December, 1972,

After the paternity judgment he procured a semen analysis and urged that if a new trial was granted he could bring doctors in to testify as to the results of these tests. He also stated that he married on November 15, 1971, and was unable to have children as a result of that marriage.

The trial court denied Moe's TR. 60(B)(1) Petition and refused to set aside the paternity judgment.

## ISSUE

Only one issue is presented:

Did the trial court abuse its discretion in refusing to set aside the paternity judgment due to Moe's mistake, surprise or excusable neglect?

Moe contends that because of the misleading advice given him by Legal Aid Services that no counsel was necessary at the paternity trial and because he could provide a meritorious defense on retrial as to his lack of fertility and because his attorney failed to take an appeal, the paternity judgment should be set aside for excusable neglect under TR. 60(B)(1).

Koe replies that Moe slept on his rights and that acting as his own attorney in the paternity proceedings, even if on the mistaken advice of the Legal Aid Services, did not render the judgment against Moe one resulting from mistake, surprise or excusable neglect. Further, Koe points to a lack of a showing by Moe that he has a good and meritorious defense as he produced no medical evidence whatsoever.

## DECISION

CONCLUSION—The trial court did not abuse its discretion in refusing to set aside the paternity judgment because of mistake, surprise or excusable neglect.

Resolving any doubt as to the sufficiency of the showing of excusable neglect in favor of Moe as we are bound to do,[1] his plea for relief from the paternity judgment amounts

1. *United Taxi Company* v. *Dilworth* (1939), 106 Ind. App. 627, 20 N.E.2d 699.

only to this. He was personally served with summons and prior to trial visited Legal Aid Services and was advised he would not need assistance of counsel at the paternity hearing. He also visited the Juvenile Court where he conferred with the deputy prosecutor and declared he would go ahead without an attorney, which he did. He participated in the proceedings without the benefit of counsel, but did not raise any defense in his own behalf. He makes no claim as to any defects or illegality of the trial. After judgment went against him, he hired counsel to take an appeal on the day of judgment (January 24, 1972), but his attorney failed to act and Moe did nothing thereafter for approximately eleven months.

In this posture Moe seeks to bring himself within the terms of Trial Rule 60(B)(1), which in one form or another has been the law since 1881. It provides:

"(B) *Mistake — Excusable neglect — Newly discovered evidence—Fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default, or proceeding for the following reasons:

"(1) mistake, surprise, or excusable neglect; . . ."

In addition to showing that the paternity judgment entered against him was the result of "mistake, surprise, or excusable neglect", Moe must also show that he has a meritorious defense to the claim against him. Both requirements are necessary in order to set aside the judgment: *Kreczmer* v. *Allied Constructon Co.* (1972), 152 Ind. App. 665, 284 N.E.2d 869; *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N.E.2d 275 (*cert. denied,* 356 U.S. 225, 78 S.Ct. 700, 2 L.Ed.2d 712); *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 159 N.E. 753; *Strickland* v. *O'Rear* (1961), 134 Ind. App. 247, 176 N.E.2d 902 (transfer denied); *Swartz* v. *Swartz* (1951), 121 Ind. App. 635, 101 N.E.2d 822.

However, he may only recover if the trial court has abused its discretion. *Duncan* v. *Binford* (1971), 151 Ind. App. 199,

278 N.E.2d 591; *Cazarus* v. *Blevins* (1974), 159 Ind. App. 512, 308 N.E.2d 412.

The crutch on which Moe leans as the "mistake", which entitles him to have the paternity judgment set aside, is that he was misled by Legal Aid Services into believing he did not need a lawyer to represent him in such serious litigation. No authority is cited for this novel position, nor do we know of any.

Neither does Moe present us with any analogy supporting his claim for relief but one contrary to his position occurs to us.

As long ago as 1883 it has been the law in Indiana that mere mistakes of law do not authorize the vacation of a judgment. *Bowen, et al.* v. *Bragunier* (1883), 88 Ind. 558; *Lowe* v. *Hamilton* (1892), 132 Ind. 406, 31 N.E. 1117; *Carty* v. *Toro* (1944), 223 Ind. 1, 57 N.E.2d 434. In each of these cases advice was given by a defendant's attorney or by the sheriff or a third party that it was not necessary for the defendant to appear at trial or on the return date of the summons. Each held the defendant was not relieved of his responsibility in failing to appear. Typical of the refusal of Indiana courts to find mistaken reliance on the advice of an attorney or third party as excusable conduct is the court's language in *Carty* v. *Toro, supra.*

> "But appellant may not put all the blame upon the attorney. A person of mature years and judgment, and this we will assume of appellant in the absence of any evidence to the contrary, may not idly ignore a summons to defend an action. His responsibility is independent of that of the attorney by whom he is advised. *Kreite* v. *Kreite* (1884), 93 Ind. 583; *Thompson* v. *Harlow* (1898), 150 Ind. 450, 50 N.E. 474."

223 Ind. at 7, 57 N.E.2d at 436.

And again in *Lowe* v. *Hamilton, supra:*

> "It is true, he states that he was advised by his attorneys that no personal judgment could be taken against him, but he does not show that he made any statement of the facts to his attorneys, or that they had any knowledge of the contents of the cross-complaint. If his attorneys did have

knowledge of the contents of this pleading, and, with such knowledge, advised him that no personal judgment could be taken against him, this would not be the kind of mistake contemplated by the statute under immediate consideration.

"If a judgment were to be set aside on every occasion when the attorney of one of the parties to a suit should make a mistake in a science so intricate as that of the law, there would be little stability in judgments."

132 Ind. at 410-411.

If Moe would not have been "excused" for failing to appear at the trial on the mistaken advice of counsel, how can he claim excusable neglect when he did attend the trial? He shows no disability or error in the proceedings. His mistake was in combining the roles of lawyer and client.

As he was under no legal duty to obtain counsel, his mistake did not even rise to the level of a mistake of law, but rather constituted only an error of judgment . . . not the kind of excusable conduct contemplated by the words "mistake, surprise or excusable neglect".

The other crutch on which Moe leans to show excusable mistake per TR. 60 (B) (1) is that on the day of the paternity judgment (January 24, 1972) he hired a lawyer to take an appeal and he negligently failed to do so. However, his own testimony is that he did nothing more from that time until the following December when he sought his attorney to represent him in the contempt citation.

The general rule has been long and firmly established that the negligence of the attorney is the negligence of the client and relief from a judgment taken by default will not be granted unless the negligence of the attorney is shown to be excusable. *Spaulding* v. *Thompson* (1859), 12 Ind. 477, 74 Am. Dec. 221; *Smith* v. *Heyns* (1922), 78 Ind. App. 565, 136 N.E. 563; *Delewski* v. *Delewski* (1921), 76 Ind. App. 44, 131 N.E. 229; *Krill* v. *Carlson* (1920), 74 Ind. App. 47, 128 N.E. 612; *Kreczmer* v. *Allied Construction Co.*, *supra*.

Negligence of an attorney in allowing a default is essentially the same as negligence in allowing appeal time to lapse. In either event, the unexcused negligence of the attorney is attributable to the client, and no excuse emerges from the facts before us.

TR. 60 is not a vehicle to avoid normal appeal procedures. *Warner* v. *Young American Volunteer Fire Dept.*. (1975), 164 Ind. App. 140, 145, 326 N.E.2d 831, 834.

Moe (and his first attorney), not having been diligent in pursuing error that could have been the subject of a timely appeal under TR. 59,[2] may not use TR. 60 to revive an expired remedy. *Warner* v. *Young American Volunteer Fire Dept., supra; Harvey and Townsend,* INDIANA PRACTICE, Vol. 4, p. 222.

Thus, the trial court exercised sound discretion in refusing to set aside the paternity judgment.

Moe having failed to demonstrate excusable conduct, we need not reach the question as to whether he has demonstrated a good and meritorious defense to the paternity action. *Heaton* v. *Peakerson* (1892), 6 Ind. App. 1, 31 N.E. 1133; *Kreczmer* v. *Allied Construction Co., supra; Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N.E. 195; *Nash* v. *Cars* (1883), 92 Ind. 216; *Nord* v. *Marty* (1877), 56 Ind. 531, 535; *Buck* v. *Havens* (1872), 40 Ind. 221; *Hill* v. *Crump* (1865), 24 Ind. 291, 294; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 89, 85 N.E. 351.

The judgment of the trial court is affirmed.

White, J., concurs; Sullivan, P.J., concurs with separate opinion.

## CONCURRING OPINION

SULLIVAN, P.J.—I concur in the result reached by the majority opinion. Like Judges Buchanan and White, I conclude that it was not error for the trial court to refuse to grant the Trial Rule 60 Motion and that it was not error to refuse to

---

2. TR. 59 (A)(2) allows as ground for appeal "accident or surprise which ordinary prudence could not have guarded against".

set aside the judgment of January 24, 1972 determining paternity. I do so, however, solely upon the grounds that the evidence of record is sufficient to support a reasonable conclusion on the part of the trial court that Defendant appeared at the paternity hearing and consciously chose to proceed without counsel. In this, I believe the following testimony of record is of crucial import: "He [Defendant] said he didn't want [an attorney] because he wasn't the father of this child and he could prove it himself."

NOTE.—Reported at 330 N.E.2d 761.