**Harold MASON d/b/a H & M Roofing and Construction, Appellant–Plaintiff,**

v.

**Herb R. AULT and Dianna L. Mikels and State Bank of Medora, Appellees–Defendants.**

No. 36A01–0012–CV–406.

Court of Appeals of Indiana.

June 25, 2001.

Joseph Leon Payne, Austin, IN, Attorney for Appellant.

Steven K. Robison, Seymour, IN, Attorney for Appellees Herb R. Ault and Dianna L. Mikels.

## OPINION

MATTINGLY–MAY, Judge.

Harold Mason d/b/a H & M Roofing and Construction ("Mason") obtained a default judgment against Herb R. Ault ("Ault") and Dianna L. Mikels ("Mikels").[1] The trial court granted Ault and Mikels' Motion for Relief from Judgment, and Mason appeals. He raises one issue, which we restate as whether the trial court erred in setting aside the default judgment.

We reverse and remand.

---

1. The State Bank of Medora entered into an agreed judgment with the Bank's lien as a priority. The Bank is not a party to the instant appeal.

## FACTS AND PROCEDURAL HISTORY

Ault and Mason entered into a contract whereby Mason was to perform certain construction work on Ault's residence. Disputes arose, and Mason filed a contractor's lien on the remaining balance of the contract. When the contractor's lien was not satisfied, Mason filed a complaint to foreclose the contractor's lien. Service of process by Sheriff was obtained on Ault and Mikels. When they did not appear, Mason moved for a default judgment, which was granted on June 26, 2000. Ault and Mikels filed their motion for relief from the default judgment on July 11, 2000. After a hearing,[2] the trial court set aside the default judgment. This appeal followed.

## DISCUSSION AND DECISION

After a default judgment is entered, the defaulting party may seek to have it set aside through the procedures of Ind. Trial Rule 60(B). That rule provides in pertinent part that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for ... mistake, surprise, or excusable neglect." T.R. 60(B)(1).

The decision whether to set aside a default judgment is given substantial deference on appeal. *Bonaventura v. Leach,* 670 N.E.2d 123, 125 (Ind.Ct.App.1996). Our standard of review is limited to determining whether the trial court abused its discretion. *Bennett v. Andry,* 647 N.E.2d 28, 31 (Ind.Ct.App.1995). An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the

court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993). We may affirm a general default judgment on any theory supported by the evidence adduced at trial. *Breeden v. Breeden,* 678 N.E.2d 423, 425 (Ind.Ct.App.1997).

■ The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 340 (Ind.1983). Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. *Id.* A cautious approach to the grant of motions for default judgment is warranted in "cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." *Green v. Karol,* 168 Ind.App. 467, 473–74, 344 N.E.2d 106, 110–11 (1976). In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Teegardin v. Maver's, Inc.,* 622 N.E.2d 530, 533 (Ind.Ct.App.1993).

■ In reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Professional Laminate & Millwork, Inc. v. B & R Enterprises,* 651 N.E.2d 1153, 1157 (Ind.Ct.App.1995). Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Ind. Trial Rule 60(B). *Jostens Learning Corp. v. Education Sys. Corp. of Indiana,* 651 N.E.2d 1186, 1188 (Ind.Ct.App.1995).

**2.** There is some dispute between the parties as to whether the hearing was recorded. As it appears no new evidentiary matters were discussed at the hearing, we find the Record is sufficient for our purposes on appeal.

In their motion for relief, Ault and Mikels asserted that they had sought the advice of a lawyer upon receipt of the contractor's lien and had been informed that Mason "had one year within which to bring suit on the claim against [Ault and Mikels]; and, that if [Mason] did so, [Ault and Mikels] would receive paperwork from the Court setting a definite date by which they were to respond to [Mason's] claims." (R. at 43.) Upon receipt of the foreclosure complaint and summons, Ault and Mikels reviewed them to find a definite date. When they did not find a specific date, "they assumed that additional paperwork would be sent by the Court setting such a definite date for them to respond to [Mason's] claim." *Id.*

Although the trial court's Order setting aside the default judgment did not specify the basis for the judgment, the court presumably found either excusable neglect or mistake.[3] Excusable neglect has often been found where there has been a "breakdown in communications." In *Flying J, Inc. v. Jeter*, 720 N.E.2d 1247 (Ind.Ct.App.1999), Flying J contacted its insurance adjuster and instructed the adjuster to hire a specific law firm to defend Jeter's negligence suit. The adjuster misunderstood, believing that Flying J was to notify him when it received the complaint. We found Flying J's neglect excusable because "the failure on the part of Flying J to file an answer was not the result of its 'foot dragging' and instead due to its misunderstanding with [the adjuster]." *Id.* at 1250.

A breakdown in communication between an insurance company and its client resulting in the client not hiring an attorney was found in *Whittaker v. Dail*, 584 N.E.2d 1084, 1087 (Ind.1992) to be excusable neglect. In *Whittaker*, the client was under the impression that the insurance company would hire an attorney for him, and the adjuster thought she had hired an attorney for the client. However, the lawyer who had been hired mistakenly believed he was to file a declaratory judgment action against the client rather than defend the client. There, as in *Flying J*, the court reasoned there was no evidence of "foot dragging" on the part of the client. *Id.*

In *Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind.1999), our supreme court found a breakdown in communications not to be excusable neglect. In *Smith*, a doctor failed to open his mail and did not discover that a medical malpractice suit had been filed against him and his medical practice group. The person normally responsible for opening the mail was away from the office when the summons arrived. A scrub nurse unfamiliar with the mail delivery process signed for the summons and put the certified mail envelope on the doctor's desk. He did not open the letter until after a default judgment had been entered.

The court found this breakdown in communication to be "neglect, but not excusable neglect," distinguishing it from other cases which found breakdowns in communication "excusable." *Id.* The court stated that in the other cases, "the defendants did all that they were required to do but subsequent misunderstandings as to the assignments given to agents of the defendants resulted in a failure to appear." *Id.*

The breakdown in communications in the case before us was not "excusable"

---

3. T.R. 60(B) requires that a party moving to set aside a default judgment allege a "meritorious claim or defense." Mason does not contend that Ault and Mikels failed to allege or prove a meritorious defense. A meritorious defense is one demonstrating that, if the case were retried on the merits, a different result would be reached. *Baxter v. State*, 734 N.E.2d 642, 646 (Ind.Ct.App.2000).

because Ault and Mikels did not do all that they were required to do. After they received the summons and complaint, they did not contact a lawyer or otherwise make any arrangements with respect to their defense. This case is not one of excusable neglect.

Nor do we find any mistake that would permit setting aside the default judgment. This court in *Moe v. Koe,* 165 Ind.App. 98, 330 N.E.2d 761 (1975), recognized that "[a]s long ago as 1883 it has been the law in Indiana that mere mistakes of law do not authorize the vacation of a judgment." *Id.* at 102, 330 N.E.2d at 764. In the cases relied on by the *Moe* court, the defendant was advised by the defendant's attorney, the sheriff, or another third party that it was not necessary for the defendant to appear at trial or on the return date of the summons. Each held the defendant was not relieved of his responsibility in failing to appear.

Typical of the refusal of Indiana courts to find mistaken reliance on the advice of an attorney or third party to be excusable conduct is *Carty v. Toro,* 223 Ind. 1, 7, 57 N.E.2d 434, 436 (1944):

> But appellant may not put all the blame on the attorney. A person of mature years and judgment, and this we will assume of appellant in the absence of any evidence to the contrary, may not idly ignore a summons to defend an action. His responsibility is independent of that of the attorney by whom he is advised.

More recently, in *G.H. Skala Const. Co. v. NPW, Inc.,* 704 N.E.2d 1044, 1050 (Ind. Ct.App.1998), Skala Construction claimed that its reliance on the representations of an unlicensed attorney that the attorney was settling the case constituted mistake, surprise, or excusable neglect. Quoting *Moe,* 165 Ind.App. at 104, 330 N.E.2d at 765, we stated that "[appellant's] mistake did not even rise to the level of a mistake of law, but rather constituted only an error of judgment ... not the kind of excusable conduct contemplated by the words 'mistake, surprise or excusable neglect.' "

Although we sympathize with the position of Ault and Mikels, their reliance on an attorney's representation prior to the filing of the summons and complaint does not constitute either excusable neglect or mistake sufficient to justify setting aside a default judgment.

We reverse and remand for proceedings consistent with this opinion.

SHARPNACK, C.J., and KIRSCH, J., concur.