Michael BUTLER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0904–CV–343.

Court of Appeals of Indiana.

Aug. 27, 2010.

Michael Butler, Nashville, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 9–21–8–13.

2. I.C. § 9–21–5–2.

3. We note that, after this court was required to order completion of the transcript from the

## OPINION

BAILEY, Judge.

### Case Summary

Michael Butler ("Butler") appeals *pro se* from the trial court's denial of his motions to set aside a default judgment against him for operation of a truck in a restricted lane on a highway consisting of at least three lanes[1] and for speeding,[2] each as civil infractions. He presents one issue on appeal, which we restate as whether his motions to set aside the default judgment were properly denied by the trial court.

We reverse and remand with instructions.

### Facts and Procedural History[3]

On July 17, 2008, Butler was cited by Officer Jesse Schmidt of the Indiana State Police for speeding, driving 67 m.p.h. in a 55 m.p.h. speed limit zone, and for operating his semi truck outside the far two right-hand lanes on a public highway. Butler properly indicated his denial and request for trial. A hearing on Butler's citations was scheduled for January 14, 2009.

According to Butler, Officer Schmidt could not come to court due to a snow storm. The hearing was continued to March 16, 2009. Butler alleges in his brief that he wrote a letter to the court on March 1, 2009. In that letter, he requested a continuance or a confirmation of the time on the hearing because the card he received from the court did not establish a new hearing time—only that the hearing was continued until March 16. He further alleges that, having failed to hear from the court, he called on March 13 to determine

proceedings at the trial court, we were informed that no transcript was recorded. We thus rely on Butler's appendix and the trial court's docket.

the time of the hearing and was told that the hearing would occur at 1:00 p.m.[4] Butler thus arrived for the 9:30 a.m. hearing at 12:50 p.m., too late to attend.

In Butler's absence, the court awarded default judgment to the State, fined Butler $100.50, and assessed $149.50 in costs. When Butler arrived at court he wrote a letter to the judge explaining that he had not received written notice of the time of the continued hearing after sending the March 1 letter in which he requested a continuance. Butler stated that he knew only the date of the hearing. The trial court construed this letter as a motion to set aside the default judgment and denied the motion on March 17, 2009.

Butler filed a second motion to set aside the judgment on April 9, 2009, this time using a form provided by the court. He explained that the card he had received noticing the continuance from January 14 to March 16 did not include a time. Butler also stated that he sent a request to the court for a continuance or at least confirmation of a hearing time on March 16, but received no response. As a result, he explained, he appeared at the wrong time on March 16 and discovered judgment had already been entered against him. The court denied this second motion to set aside the default judgment on April 14, 2009.

This appeal followed.

## Discussion and Decision

■ The State asserts that Butler has waived any argument for appellate review. The State makes much of Butler's admittedly confusing brief, asserting that it lacks cogency and sufficient citation and that he thus has waived any argument he seeks to make. The State argues further that there is no evidence in the record that entitles Butler to relief and that his statements are thus "self serving." (Appellee's Br. 4.) Indeed, there is no record outside of the trial court's CCS records and those items Butler provides in his Appendix. Yet Butler's brief to this court sets forth an account of his efforts to determine at what time his hearing would occur on March 16, 2009. He concludes with a request that we order the State to refund the fines and court costs he paid and to amend his driving record. Butler sets forth an issue—whether he should have relief from the default judgment—and states facts in support of his issue. To that extent, he presents a cogent argument. *See* Ind. Appellate Rule 48(A)(8)(a).

Butler appeals from the trial court's denials of his motions to set aside the default judgment against him. *See* Ind. Trial Rule 60(C) (declaring a ruling denying a motion to set aside a judgment is a final order from which appeal may be taken). Given his request for relief and the procedural posture of the case, we construe Butler as asking us to reverse the trial court's denial of his motion to set aside the default judgment under Trial Rule 60(B) and to remand the matter for a new hearing. Butler's issue—whether the default judgment should have been set aside—was not waived, despite his confusion surrounding continuance, set-aside, and other remedies.

Trial Rule 55(C) states that the provisions of Trial Rule 60(B) apply to a motion to set aside a default judgment. A trial court may, on the motion of the affected party, grant relief when judgment was entered if mistake, surprise, or excusable neglect led to the entry of judgment against the party. Ind. T.R. 60(B)(1). The moving party must also "allege a meritorious claim or defense." *Id.*

4. We lack both the card to which Butler refers and any record of Butler's claimed letter and phone call in the trial court's case chronology.

When reviewing the denial of a motion to set aside a default judgment, we seek to balance the need for finality of judgments and judicial efficiency with our "marked preference for deciding disputes on their merits and for giving parties their day in court." *Bunch v. Himm*, 879 N.E.2d 632, 635 (Ind.Ct.App.2008). A party seeking to set aside a default judgment is frequently entitled to a hearing under Trial Rule 60(D), which requires among other things that the court "hear any pertinent evidence" related to the motion. A trial court's ruling on a motion under Rule 60(B)(1) will be set aside for an abuse of discretion. *Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind.Ct.App.2008). A default judgment is not, however, intended to serve as "a trap to be set ... to catch unsuspecting litigants." *Bunch*, 879 N.E.2d at 635.

*Mistake, Surprise, or Excusable Neglect*

Here, Butler properly denied the charges in the citation. Butler appeared for the first hearing date on January 14, 2009 to challenge the citation, only to have the hearing rescheduled because, he states, Officer Schmidt could not come to court due to a snow storm. Butler knew his hearing was rescheduled to March 16, 2009, and claims to have sought in a March 1, 2009 letter a further continuance or a clarification of the time of his March 16 hearing. This sixteen-day period is outside of the ten-day period in which a continuance must be sought under the terms of the ticket. Butler further alleges that he called the court on March 13, 2009 to obtain confirmation of his hearing time and was told that his hearing was scheduled for 1:00 p.m. Upon arriving late for his March 16 hearing and learning of the default judgment, Butler immediately submitted a letter to the trial court, which the court construed as a motion to set aside the default judgment. He submitted a second such motion on a court-provided form less than one month later. Each of these was denied.

Butler engaged in no "foot dragging" or other behavior seeking to delay the process and attempted to immediately address the effects of his absence from the March 16th hearing. *Bunch*, 879 N.E.2d at 636. Butler's actions clearly comport with Trial Rule 60(B)'s requirement that he became subject to the default judgment as a result of mistake, surprise, or excusable neglect.

*Meritorious Defense*

Butler does not expressly identify the defense he would have alleged in the trial court. A meritorious defense for the purposes of Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." *Bunch*, 879 N.E.2d at 637. Absolute proof of the defense is not necessary, but there must be "enough admissible evidence to make a *prima facie* showing" that "the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand." *Id.*

Here, Butler denied the allegations in the citation and summons. Butler can at least have offered as defenses that he did not commit either of the infractions for which he was cited, that Officer Schmidt was mistaken and cited the wrong driver, or that he was driving too fast and in an improper lane out of necessity. Butler would likely testify on his own behalf in this situation, and this would be admissible evidence of this defense. Whether the court would credit Butler's testimony at trial is separate from the question of whether that testimony could constitute a *prima facie* defense. Butler thus adequately alleged a meritorious defense. *See Bunch*, 879 N.E.2d at 637.

*Procedural Issues*

■ We turn now to several issues with the proceedings below that we find of particular concern. As noted above, there is no transcript available for either of the hearings. We also lack any record of a hearing pursuant to Rule 60(D)—based on the CCS record and dates written on each motion, the trial court appears to have summarily denied each of Butler's motions, concluding perhaps that no hearing was necessary. Under these circumstances, in the absence of the State directly contesting Butler's version of the facts, and given the consistency of Butler's version of the facts with his conduct and the motions at the trial court level, we are left having to accept Butler's account in order to review the trial court's denial of his motions.

The form provided by the trial court, which Butler used to prepare his second motion, appears to be inadequate to the purpose of providing an adequate opportunity for a *pro se* litigant to seek the set-aside of a default judgment. The form provides a few blank lines on the top half of the page prefaced with the phrase, "I am asking the Court to set aside the default judgment in this case because." (App. 6.) The form also states that a self-addressed stamped envelope must be provided with the motion "if you wish to have the court date mailed to you," claiming to comply with "INDIANA RULE 8.2." (App. 6.) We note that the Marion County Superior and Circuit Court Local Rules for civil cases require parties to provide stamped-and-addressed envelopes with proposed orders in order to provide service of the signed order to all parties. *See* Marion County Civil Rules 203(E) and 205(A). In 1999, Marion County Civil Division Rule 8.2 was adopted and is the predecessor rule to Marion County Civil Rule 205(A), which has since been amended and renumbered. But we can identify no *Indiana* Rule 8.2 applicable in 2009 that would require a litigant to provide stamped envelopes.[5]

In this situation, Butler had clearly made efforts to attend his hearing but did not arrive on-time and had an alleged meritorious defense, due process safeguards like those in Rule 60(D) appear to have been lax, and court-provided forms led to confusion and surprise on the part of the litigant. These factors combined to deprive him of his day in court. *See Bunch*, 879 N.E.2d at 635 (noting that a default judgment is not intended as a "trap" to the unwary litigant).

Where, as here, Butler alleges a meritorious defense to set aside the default judgment and procedural issues interfered with his ability to obtain a hearing, we cannot agree with the State that the trial court was within its discretion to deny Butler's motions to set aside the default judgment. We therefore reverse the default judgment and remand with instructions to set a new trial date.

Reversed and remanded.

RILEY, J., and KIRSCH, J., concur.

---

5. We strongly suggest that the trial court update this form for the benefit of future litigants.