**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. LAUX**
Notre Dame, Indiana

ATTORNEYS FOR APPELLEES:

**CARL R. PEBWORTH**
**JOSEPH H. YEAGER, JR.**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES R. CHULCHIAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1209-PL-452 |
| | ) | |
| RIVOLI CENTER FOR THE PERFORMING ARTS, INC., and INDIANAPOLIS EASTSIDE REVITALIZATION CORP., | ) ) ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robyn L. Moberly, Judge
Cause No. 49D05-1106-PL-24205

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Charles R. Chulchian appeals the trial court's orders denying his motion to set aside a default judgment and his motions to vacate or rescind an agreed entry in a complaint filed against him and Katherine Ann Chulchian.[1]  The complaint, filed by the Rivoli Center for the Preforming Arts, Inc. ("the Rivoli Center") and the Indianapolis Eastside Revitalization Corporation ("the IERC"), sought prejudgment ejectment and alleged waste and nuisance.  Chulchian presents three issues for review, which we consolidate and restate as:

1. Whether the trial court abused its discretion when it denied Chulchian's request to set aside the default judgment regarding possession of real property.

2. Whether the trial court abused its discretion when it denied Chulchian's motions to vacate or rescind an agreed order entered before the entry of default judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The Rivoli Theater ("the Theater") is located at 3155 East 10th Street in Indianapolis.  The Theater was built in 1927, and Chulchian has been the owner for thirty-three years.  The Theater's building has a single screen movie theater on the main floor and residential apartments on the second floor.  The Theater ceased operating as a movie theater in 1992.

In 2007, the Health and Hospital Corporation of Marion County ("HHC") filed a complaint in environmental court against Chulchian in order to bring the Theater into

---

[1] Katherine Ann Chulchian is Charles Chulchian's wife.  She was represented below by separate counsel and did not appear in this appeal.  All references to Chulchian apply to Charles Chulchian only.

2

compliance with the Code of Health and Hospital Corporation of Marion County, Inc.  In September 2007, Chulchian executed a quitclaim deed, transferring ownership of the Theater to The Rivoli Theater Inc. of Marion County ("the Corporation").  In November, Chulchian, as president of the Corporation, transferred ownership of the Theater to himself and his wife by quitclaim deed.  On the same date, Chulchian and his wife executed a quitclaim deed ("the Rivoli Deed") transferring the Theater to the Rivoli Center.[2]

The Rivoli Center is a tax-exempt organization whose mission is to restore and reopen the Theater.  The IERC is a "community-led organization dedicated to the revitalization of the Indianapolis Eastside."  Appellant's App. at 9.  In June 2011, the Rivoli Center and the IERC filed a complaint against Chulchian and his wife seeking prejudgment ejectment of the Chulchians from the Theater's property and alleging waste and nuisance.  The court set a show cause hearing on the ejectment claim.  Chulchian, pro se, filed a motion to continue the show cause hearing and a motion for extension of time to respond to the complaint, both of which the trial court granted.  Before the continued date set for the hearing, Richard Kammen entered an appearance for Chulchian and timely filed a motion to continue the show cause hearing and for an extension of time to respond to the complaint.  The trial court granted both requests, extending the time for filing a responsive pleading to September 15 and resetting the show cause hearing for October 21.

---

[2] Chulchian has no interest in the Rivoli Center.

In October, Chulchian, by counsel, timely filed a motion to continue the show cause hearing because of counsel's unavailability but did not file a response to the complaint. The trial court granted the motion to continue. In November, Chulchian, by counsel, filed a motion to continue the hearing on the ground that the parties were "actively engaged in working on a resolution to this matter." Id. at 36. The trial court granted that motion, continuing the hearing to January 3, 2012.

On January 3, 2012, Chulchian went to Kammen's office believing that they would be attending the show cause hearing. Instead, Kammen presented him with an agreement giving possession of the part of the Theater in which Chulchian held a life estate to the Rivoli Center and the IERC ("the Possession Agreement"), which Chulchian eventually signed. Attorneys for Kathy Chulchian, the Rivoli Center, and the IERC also executed the Possession Agreement, but Kammen did not execute the agreement. On February 6, the trial court approved the two-page agreement, which provides, in relevant part:

> 1. Upon entry of this AGREEM[E]NT, Rivoli Center is entitled to immediate prejudgment possession, use, and enjoyment of the Premises, and all those holding any possessory right to the Premises by and through Charles Chulchian or Kathy Chulchian or otherwise shall vacate the Premises without further order of this Court not later than February 15, 2012. Charles Chulchian and/or Kathy Chulchian shall have the right to enter the property until February 15, 2012[,] only for the purposes of removing personal property.
>
> 2. After February 15, Charles Chulchian or Kathy Chulchian shall have no right to enter the property and no right or interest in the property or any contents therein.
>
> 3. If Charles Chulchian and/or Kathy Chulchian or any person claiming right to the Premises through or derivative of Charles Chulchian's and Kathy Chulchian's right to possession of the Premises or otherwise enter

the Premises at any time after February 15, 2012[,] the entry shall constitute criminal trespass pursuant to Indiana Code § 35-43-2-2.

Id. at 39-40.

On February 13, Chulchian terminated Kammen's representation[3] and, pro se, filed a motion to vacate the Possession Agreement, alleging that he had executed it under duress, and a counterclaim against the Rivoli Center and the IERC. The Rivoli Center and the IERC filed a motion to strike the counterclaim and a response to the motion to vacate the Possession Agreement. Chulchian filed a response to each of those filings. On March 6, the trial court granted the motion to strike Chulchian's counterclaim and denied his motion to vacate the Possession Agreement.

On March 21, the Rivoli Center and the IERC filed a motion for default judgment, which the court granted without a hearing on March 28. However, on April 5, Christopher L. Laux entered his appearance on behalf of Chulchian and simultaneously filed the following: a verified motion to reconsider or, in the alternative, a motion to correct error regarding the denial of the motion to vacate; a verified motion to rescind the Possession Agreement; an answer, affirmative defenses, and counterclaim; a verified motion to reconsider, or, in the alternative, a motion to correct error regarding the order striking the pro se counterclaim; a verified response to the motion for default judgment; and a motion to strike paragraph 26 from the complaint as "especially malicious and defamatory." Id. at 116. The Rivoli Center and the IERC filed responses to the several motions and a brief in support of their motion to strike the answer and counterclaim. The trial court treated Chulchian's motion to correct error regarding the application for default

---

[3] Kammen subsequently filed a motion to withdraw, which the trial court granted on March 5.

as a Trial Rule 60(B) motion to set aside default, setting the matter for hearing in June, but it denied the rest of his April 5 motions. The court subsequently granted the motion to strike Chulchian's April 5 answer and counterclaim.

On June 8, at the conclusion of an evidentiary hearing, the trial court denied Chulchian's request to set aside the default judgment ("June 8 Order"). Chulchian then filed a motion to correct error regarding the June 8 Order. That motion to correct error was deemed denied on August 20 pursuant to Trial Rule 53.3. Chulchian now appeals.

## DISCUSSION AND DECISION

### Issue One: Setting Aside Default Judgment

Chulchian first contends that the trial court abused its discretion when it refused to set aside the default judgment. In support he asserts that the Rivoli Center and the IERC did not give him three days' notice of their application for default, which, he alleges, is required under Trial Rule 55(B), and, therefore, the entry of a default judgment was improper. We cannot agree.

A default judgment may be set aside by the court on the grounds and in accordance with the provisions of Trial Rule 60(B). Ind. Trial Rule 55(C). In support of his argument that the trial court should have set aside the default judgment, Chulchian relies on subsections (1) and (8) of Rule 60(B), which provides, in relevant part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> * * *

6

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reason[] (8), and not more than one year after the judgment, order or proceeding was entered or taken for reason[] (1) . . . . A movant filing a motion for reason[] (1) . . . and (8) must allege a meritorious claim or defense. . . .

With respect to subsections (1) and (8) of Rule 60(B), we observe that a meritorious defense for the purposes of Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." Butler v. State, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010) (citation omitted). "Absolute proof of the defense is not necessary, but there must be enough admissible evidence to make a prima facie showing that the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand."[4] Id. (internal quotation marks and citation omitted).

Generally, upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for an abuse of discretion. Allstate Ins. Co. v. Watson, 747 N.E.2d 545, 547 (Ind. 2001). But the trial court's discretion should be exercised in light of the disfavor in which default judgments are generally held. Id.; see also Coslett v. Weddle Bros. Constr. Co. Inc., 798 N.E.2d 859, 861 (Ind. 2003) ("Indiana law strongly prefers disposition of cases on their merits."). Any doubt as to the propriety of a default judgment must be resolved in favor of the

---

[4] As discussed below, we conclude that Chulchian has not demonstrated grounds for relief under Trial Rule 60(B)(1) or (8). As such, we need not consider whether he has established a meritorious defense. However, we observe that Chulchian need not have shown a meritorious defense in this case because he was denied a hearing on the default application to "'appear and demonstrate to the court reasons why its discretion should be exercised in favor of proceeding to trial on the merits.'" Horsley v. Lewis, 448 N.E.2d 41, 43 (Ind. Ct. App. 1983) (quoting Nehring v. Raikos, 413, N.E.2d 329, 330 (Ind. Ct. App. 1980)); see also Standard Lumber Co. of St. John v. Josevski, 706 N.E.2d 1092, 1096 (Ind. Ct. App. 1979) (where no default hearing is held, a defendant against whom default judgment is entered need not demonstrate a meritorious defense).

defaulted party. Watson, 747 N.E.2d at 547. "Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike." Kmart v. Englebright, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999) (citing Siebert Oxidermo, Inc. v. Shields, 446 N.E.2d 332, 340 (Ind. 1983)), trans. denied. The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Id. "The burden is on the movant to establish ground for Trial Rule 60(B) relief." In re Paternity of P.S.S., 934 N.E.2d 737, 741 (Ind. 2010).

Chulchian contends that the default judgment should have been set aside because his failure to file a timely answer was the result of excusable neglect under Trial Rule 60(B)(1). To show excusable neglect, Chulchian points to the facts that he hired Kammen to represent him, that Kammen said he was "taking care of" an answer to the complaint but never did so, and that Chulchian later fired Kammen and began representing himself until he obtained new counsel. Appellant's App. at 163. Chulchian asserts that he and Kammen had a breakdown in communication, resulting in the failure to file a timely answer, and that such constitutes excusable neglect. In support he cites Boles v. Weidner, 449 N.E.2d 288, 291 (Ind. 1983), where we found excusable neglect due to a miscommunication between the defendant's insurance agent and the insurer. We held that, considering that factor among others, the trial court did not abuse its discretion when it reversed the entry of default judgment. Id.

Chulchian's reliance on Boles is misplaced. First, the present case does not involve an insurer, an insurance agent, or any other parties aside from Chulchian and his attorney. More importantly, Chulchian has not shown that he and Kammen suffered from

8

a breakdown in communication. Rather, Kammen simply failed to file an answer and instead negotiated an agreed entry, which Chulchian signed. Generally, the negligence of an attorney in allowing a default is essentially the same as negligence in allowing appeal time to lapse. Thompson v. Thompson, 811 N.E.2d 888, 903-04 (Ind. Ct. App. 2004), trans. denied; Moe v. Koe, 165 Ind. App. 98, 330 N.E.2d 761, 765 (1975). "In either event, the unexcused negligence of the attorney is attributable to the client[.]" Moe, 330 N.E.2d at 765.

While representing Chulchian, Kammen negotiated a settlement of the claim for prejudgment ejectment, but he did not file an answer regarding the claims of waste or nuisance or the request for the extinguishment of the Chulchians' life estate in the second floor apartments. Chulchian has presented no facts to show that Kammen's failure to answer or otherwise deal with those claims constitutes excusable neglect. Moreover, upon terminating Kammen's representation, Chulchian represented himself for a period of time during which he filed numerous motions, but he never filed an answer to any of the claims in the complaint. Chulchian has made no argument to explain that failure. Chulchian has not demonstrated excusable neglect for Kammen's or his own failure to file an answer to the complaint.

Chulchian also seeks relief from the default judgment based on Trial Rule 60(B)(8), any reason justifying relief from the operation of the judgment other than those enumerated elsewhere in Rule 60(B). The party asking for relief under Rule 60(B)(8) "must show that its failure to act or the result was not merely due to an omission involving mistake, surprise, or excusable neglect. Rather, some extraordinary

9

circumstances must be affirmatively demonstrated." Weppler v. Stansbury, 694 N.E.2d 1173, 1176 (Ind. Ct. App. 1998). Here, Chulchian makes no specific argument with supporting citations to authority under Rule 60(B)(8). As such, that argument is waived. See Ind. Appellate Rule 46(A)(8)(a). Chulchian has failed to show that the trial court abused its discretion when it denied his motion for relief from default judgment.

In his summation on this issue, Chulchian asserts that, because "strict adherence to the notice provision of [Trial Rule] 55(B) is required, the judgment of default is void." Appellant's Brief at 14. We cannot agree. The law he cites in support provides that, in such cases, the entry of default judgment is voidable, not void. See Evansville Garage Builders v. Shrode, 720 N.E.2d 1273, 1277 (Ind. Ct. App. 1999), trans. denied; Josevski, 706 N.E.2d at 1095. Trial Rule 60(B)(6) allows relief from a judgment that is void, but Chulchian has not made an argument under that subsection of the rule.

Chulchian also maintains that default judgment was improper because he had "actively and affirmatively defended his position and had a meritorious defense." Appellant's Brief at 14. But, without more, Chulchian has not demonstrated a basis for relief from the default judgment under Trial Rule 60(B)(1) or (8). As such, that argument also must fail.

Chulchian has not cited any authority to show that he should not be bound by Kammen's failure to file an answer. Additionally, Chulchian did not file an answer after he fired Kammen and began representing himself, although he filed numerous other motions and a counterclaim. Chulchian has not demonstrated excusable neglect.

Therefore, he has not shown that the trial court abused its discretion when it denied his motion to set aside the default judgment.

**Issue Two:  Motion to Vacate or Rescind Possession Agreement**

Chulchian also contends that the trial court abused its discretion when it denied his motion to correct error and his motion to rescind the Possession Agreement.  In support he argues that he signed the Possession Agreement under duress, that he did not understand the agreement when Kammen presented it to him, that he is eighty years old, and that he is blind in one eye and did not have his glasses when it was presented to him so he could not read it.

"To avoid a contract because of duress, 'there must be an actual or threatened violence or restraint of a man's person, contrary to law, to compel him to enter into a contract or discharge one.'"  Hoffman v. Heim (In re K.R.H.), 784 N.E.2d 985, 991 (Ind. Ct. App. 2003) (quoting Justus v. Justus, 581 N.E.2d 1265, 1272 (Ind. Ct. App. 1992), trans. denied).  The party claiming that a contract is unconscionable bears the burden of establishing that the party seeking to enforce the contract had "a prodigious amount of bargaining power" and used that power to obtain terms that caused the party seeking to void the contract "great hardship and risk."  Id. (citation omitted).

Here, Chulchian asserts that he was under duress when he signed the Possession Agreement on January 3, 2012, because Kammen paced the room after handing the agreement to him and told him that the "judge would sign the agreement for him" if Chulchian did not sign it.  Appellant's Brief at 25.  Chulchian states that he "felt the outcome at that point was beyond his control.  Even though he would rather not sign, did

11

not want to sign, he did sign because of the duress. To get out of <u>or escape</u> the moment, Mr. Chulchian felt he had no choice but to sign the agreement." <u>Id.</u> (emphasis in original). The evidence does not show the existence of actual or threatened violence or physical restraint.

Still, Chulchian claims that the circumstances under which he executed the Possession Agreement constitute duress because he felt pressure to sign. But "emotions, tensions, and pressure are . . . insufficient to void a consent unless they rise to the level of overcoming one's volition." <u>Youngblood v. Jefferson County Div. of Family & Children</u>, 838 N.E.2d 1164, 1170 (Ind. Ct. App. 2005), <u>trans. denied</u>. Chulchian asserts that he told Kammen that he did not have his correct reading glasses and could not read the agreement, yet Kammen did not read the same to him and merely paced the room until Chulchian signed. As a result, Chulchian signed the agreement anyway, purportedly without knowing what it contained. Chulchian very likely felt pressure under those circumstances, but there is no evidence to show that he was prevented from leaving Kammen's office due to any kind of compulsion until he signed the agreement.

The evidence does not show that that the pressure or emotion, if any, rose to the level of overcoming Chulchian's volition. As such Chulchian has not shown that the trial court abused its discretion when it denied his motions to vacate or rescind the Possession Agreement.

## Conclusion

Chulchian has not shown, under either Trial Rule 60(B)(1) or (8), that he is entitled to relief from the default judgment awarding possession of and Chulchian's life

12

interest in the Theater property to the Rivoli Center and the IERC. Nor has he shown that the trial court abused its discretion when it denied his motions to vacate or rescind the Possession Agreement. As such, we affirm the trial court's orders.

Affirmed.

BAILEY, J., and BARNES, J., concur.