Michael PHILLIPS, Appellant–
Plaintiff,

v.

CITY OF BLOOMINGTON, City of
Bloomington's Utilities Service Board
and Mayor Mark Kruzan, Appellees–
Defendants.

No. 53A05–0612–CV–720.

Court of Appeals of Indiana.

July 20, 2007.

Michael Phillips, Bloomington, IN, Appellant pro se.

John T. Neighbours, Christopher C. Murray, Baker & Daniels, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

Michael Phillips, *pro se*, appeals a summary judgment for the City of Bloomington, the city's Utilities Service Board, and Mayor Mark Kruzan (collectively, "defendants"). We affirm.

### FACTS AND PROCEDURAL HISTORY

Phillips worked for the City of Bloomington from October 1972 until December 2003. In January 1983, he was promoted to director of utilities. In November 2003, Mayor-elect Kruzan told Phillips someone else would be appointed director of utilities after the first of the year. Phillips and the defendants exchanged correspondence and other information during December 2003 and January 2004 related to Phillips' employment and Mayor Kruzan's consultation with lawyers about replacing Phillips. In that correspondence, Phillips contended, based on Ind.Code § 8–1.5–3–5(d), only the Utilities Service Board could remove him, and only for cause after notice and hearing.

In December 2005, Phillips filed suit against the defendants, alleging wrongful termination and defamation. In October 2006, the trial court granted summary judgment in favor of the defendants:

> The court finds that Mr. Phillips was not the superintendent of an individual utility, but was the head of a city department under the jurisdiction of the mayor. For those reasons IC 8–1.5–3–5(d) does not apply. Plaintiff's continued employment did not depend upon an action of the Utilities Service Board. Plaintiff served at the pleasure of the mayor. Mayor Kruzan was not required to have a reason not to reappoint Plaintiff as the Utilities Director. Defendants are entitled to judgment as a matter of law on Plaintiff's claim for wrongful termination.
>
> Plaintiff did not timely file a written notice of claims pursuant to the Indiana Tort Claims Act. A timely notice is required before Plaintiff can initiate suit against a governmental defendant. The letters and other materials designated by the Plaintiff do not constitute substantial compliance with the notice requirement. Since no notice was timely filed, Defendants are entitled to judgment as a matter of law on Plaintiff's claim for defamation, as well as Plaintiff's claim for wrongful termination.

(App. at 2.)

## DISCUSSION AND DECISION

 When reviewing a grant or denial of summary judgment, we apply the same standard the trial court does. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 613 (Ind.Ct.App.2000), *trans. denied* 753 N.E.2d 8 (Ind.2001). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence; rather, we consider the facts in the light most favorable to the nonmovant. *Rogier*, 734 N.E.2d at 613.

 The superintendent of a municipal utility "may be removed by the [utilities service] board for cause at any time after notice and a hearing." Ind.Code § 8–1.5–3–5(d). It is undisputed Phillips was the utilities director and the head of the utilities department. However, he argues his duties and his job description were "effectively identical to that of a superintendent," (Appellant's Br. at 9), and therefore he is entitled to the protection of Ind.Code § 8–1.5–3–5(d). Because he had department-level administrative duties beyond those of a utility superintendent, we disagree.[1]

The City of Bloomington established a Utilities Service Department and a Utilities Service Board pursuant to Ind.Code ch. 8–1.5–3. The department includes three facilities, each under the direction of a superintendent.[2] Ind.Code § 8–1.5–3–4 provides in relevant part:

> (a) The board has general supervisory powers over the utilities under its con-

---

1. Phillips' defamation claim is derivative of his wrongful termination claim, *i.e.*, his dismissal falsely implied he was dismissed for cause. Because we hold Phillips served at the pleasure of the mayor and could be dismissed without cause, his dismissal did not necessarily imply he was dismissed for cause, and his defamation claim fails as a matter of law.

Moreover, Phillips did not provide timely notice under the Indiana Torts Claim Act of his intention to assert a defamation claim.

2. The Blucher Poole Plant and the Dillman Plant are waste treatment facilities, and the Monroe Water Plant is a water treatment plant.

trol, with responsibility for the detailed supervision of each utility to be vested in its superintendent, who is responsible to the board for the business and technical operation of the utility. The board shall:

\*　　\*　　\*　　\*　　\*　　\*

(3) *subject to IC 36–4–9–2*, appoint a superintendent or manager of each utility under its control who is responsible to the board for the business *and technical operation of* the utility; the board shall make the appointment on the basis of fitness to manage the particular utility to which he is to be assigned, taking into account his executive ability and his knowledge of the utility industry[.]

(Emphasis supplied.) In turn, Ind.Code § 36–4–9–2(a) provides:

*Notwithstanding any other law*, the city executive shall appoint the head of each department established under section 4 of this chapter. However, the executive's appointment of the head of the department is subject to the approval of any statutory board or commission established in the department, including and limited to:

\*　　\*　　\*　　\*　　\*　　\*

(9) the utility service board, if a department of utilities is established[.]

(Emphasis supplied.) Similarly, the Bloomington Municipal Code provides:

### 2.24.010 Appointment of Director.

3. Ind.Code § 8–1.5–3–5(a) sets forth the duties and responsibilities of the superintendent of each utility:
(1) appoint, supervise, and dismiss all employees of the utility;
(2) employ unskilled labor when needed, without competitive examination;

The Utilities Service Department shall be administered by the Utilities Director who shall be appointed by the Mayor, with the approval of the Utilities Service Board, and who shall serve at the pleasure of the Mayor.

\*　　\*　　\*　　\*　　\*　　\*

### 2.24.090 Powers and duties.

The Utilities Service Board shall have general supervisory power over the utilities owned by the City as detailed in IC 8–1.5–3–4. The Board is in no way to interfere with the detailed supervision and administration of the utility by the Director, who is responsible to the Mayor.

Bloomington Mun.Code § § 2.24.010, 2.24.090.

Phillips was responsible for hiring and firing employees, investigating citizen concerns, overseeing the operation of the wastewater and storm water systems, overseeing construction, setting the board's agenda and advising it of utility operations—duties similar to those of a utility superintendent.[3] Phillips argues he is therefore a utility superintendent.

However, Phillips had additional responsibilities beyond the scope of a utility superintendent. He was responsible for "the direction and operation of the Utility *Department* and its personnel . . . the preparation and oversight of the *department* budget . . . [and] insurance of financial stability for the *department*." (App. at 26) (emphases supplied). Both the Indiana Code and the Bloomington Municipal Code vest these department-level administrative duties in the head of the department or the utilities director. Other individuals

(3) investigate all claims against the utility;
(4) oversee the operation of the utility and any construction work, repairs, or alterations to the system; and
(5) advise the board in. all matters that will bring about an efficient and economical operation and maintenance of the utility.

are employed as superintendents of the individual utilities.[4]

There is no genuine issue of material fact about whether Phillips is a department head/utilities director. Because he is, Ind.Code § 8–1–5–3–5(d) does not apply. Under the Bloomington Municipal Code, the utilities director is appointed by the mayor, serves at the pleasure of the mayor and, therefore, may be dismissed without cause by the mayor. The defendants are entitled to judgment as a matter of law.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.

**4.** Phillips asserts the three facilities owned by the City are not utilities but rather "treatment plants." (Br. of Appellant at 7.) He refers to the superintendents over these facilities as " 'plant superintendents.' " (*Id.*) However a treatment plant is a utility. *See* Ind.Code § 8–1–2–1(g) (defining a utility as the "plant or equipment" used for "(1) the conveyance of telegraph and telephone messages; (2) the production, transmission, delivery, or furnishing of heat, light, water, or power; or (3) collection, treatment, purification, and disposal in a sanitary manner of liquid and solid waste, sewage, night soil, and industrial waste.") Thus, his "plant superintendents" are, in fact, utility superintendents.