**Jason D. BUNCH, Appellant–Respondent,**

v.

**Katherine R. HIMM, Appellee–Petitioner.**

No. 64A04–0705–CV–262.

Court of Appeals of Indiana.

Jan. 24, 2008.

Jason D. Bunch, Indianapolis, IN, Appellant pro se.

David P. Matsey, Millbranth & Bush, Valparaiso, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, Jason D. Bunch (Bunch), appeals the trial court's Order setting aside its default judgment entered in favor of Bunch and against Appellee–Petitioner, Katherine Himm (Himm).

We affirm and remand for further proceedings.

### ISSUE

Bunch raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it set aside a default judgment increasing Himm's child support payments and determined that Himm's failure to appear was the result of excusable neglect pursuant to Indiana Trial Rule 60(B)(1).

### FACTS AND PROCEDURAL HISTORY

Bunch and Himm were married August 15, 2000. At that time, Bunch was a graduate student and associate university instructor and Himm was an officer in the United States Marine Corps. After Himm gave birth to the couple's first child, A.B., Bunch stayed home to care for her. He remained at home after their second child, S.B., was born as well. Sometime in 2004, after Himm was discharged from the military, she accepted a position with the Leer Corporation. Shortly thereafter, the couple separated and Himm filed for divorce. Bunch was granted physical custody pursuant to the Agreed Provisional Orders, dated August 23, 2004. Eventually, Himm quit her employment with the Leer Corporation and moved to South Carolina, where she enlisted in the Marine Corps Reserves.

On December 28, 2004, Bunch and Himm's marriage was dissolved. Pursuant to the dissolution decree, Bunch was awarded sole physical custody of the children, and the parties were awarded joint legal custody. Himm was ordered to pay $138.28 per week in child support. How-

ever, within thirty days of signing the dissolution decree, Himm was scheduled to be recalled to active military duty in the U.S. Marine Corps in support of Operation Iraqi Freedom. Accordingly, the decree provided that Himm's child support would increase to $222.00 per week during Himm's active duty assignment, which was expected to last for approximately one year. This increased amount was calculated based upon her expected increase in pay and allowances. Upon returning from active duty, the dissolution decree provided that Himm's child support obligation would return to the amount owed prior to her active duty, $138.28 per week.

On August 9, 2005, within one year of entering the dissolution decree and while Himm was on active duty, Bunch filed an unverified petition to modify the divorce decree in Porter County, alleging that the child support amount should be increased due to a continuing and substantial increase in Himm's income. The petition was mailed by first class mail to both Himm and her attorney. The matter was set for a hearing on November 8, 2005, at 11:00 a.m. The notice of hearing was sent by the Porter Superior Court clerk's office via certified mail to Himm's address in Greer, South Carolina.

On November 8, 2005, the trial court held a hearing on Bunch's unverified petition. As neither Himm nor her attorney were present at the hearing, Bunch moved to proceed in their default. After hearing testimony and evidence, the trial court granted Bunch's petition and entered a default Order of Modification which increased Himm's child support obligation from $222.00 per week to $540.60 per week. Additionally, Himm was ordered to pay an arrearage of $4,142.19, which represents the increase in her child support obligation retroactive to the date of the Bunch's petition.

On December 7, 2005, Himm's attorney filed Petitioner's Trial Rule 60 Motion to Set Aside Default Orders (Motion to Set Aside) and a Motion to Withdraw and Stay. The motion to set aside alleged, "[Himm's] counsel received no notice of the [November 8, 2005,] hearing." (Appellant's App. p. 33). Himm's attorney sought to withdraw due to the probability he would become a potential witness to the Motion to Set Aside. Additionally, the Motion to Stay was filed in an effort to stay the proceedings until Himm returned from her scheduled deployment and was "able to materially participate in the hearing . . . ." (Appellant's App. p. 37). The trial court granted the Motion to Withdraw and Stay.

Thereafter, on April 10, 2007, the trial court held a hearing on Himm's Motion to Set Aside where Himm testified she did not learn of the November 8, 2005, hearing until after the hearing occurred. On April 16, 2007, the trial court granted Himm's motion for relief from judgment finding that it was unclear "as to how or when [Himm] actually received notice of the hearing." (Appellant's App. p. 46). As a result, the trial court concluded that Himm's failure to appear at the November 8, 2005, hearing was due to both surprise and excusable neglect and therefore its default Order of November 8, 2005, should be set aside pursuant to Trial Rule 60(B)(1).

Bunch now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ Bunch argued that the trial court abused its discretion when it determined Himm's actions constituted excusable neglect pursuant to T.R. 60(B)(1). We review the grant of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *Munster*

*Cmty. Hosp. v. Bernacke,* 874 N.E.2d 611, 613 (Ind.Ct.App.2007). The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.* On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Id.*

Although a default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation, in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations. *Charnas v. Estate of Loizos,* 822 N.E.2d 181, 185 (Ind.Ct.App.2005). Accordingly, a default judgment is not a trap to be set by counsel to catch unsuspecting litigants. *Allstate Ins. Co. v. Watson,* 747 N.E.2d 545, 546 (Ind.2001).

Indiana Trial Rule 60(B) provides, in relevant part:

> [T]he court may relieve a party . . . from an entry of default . . . for the following reasons:
>
> (1) mistake, surprise, or excusable neglect[.]
>
>                               \* \* \*
>
> A movant filing a motion for reason[ ] (1) . . . must allege a meritorious claim or defense.

### A. *Excusable Neglect*

■ Here, Himm alleges her failure to appear at the November 8, 2005, hearing was due to excusable neglect. Specifically, she claims that neither she, nor her counsel, received notice of the hearing. The record reveals that at the time Bunch filed his unverified petition to increase child support, Himm was on active military duty and commenced intensive, specialized training at intelligence school in preparation of her deployment in Iraq. She had instructed the trial court to send all correspondence to an address in Greer, South Carolina, where she had left her personal belongings with Steven Harbin (Harbin).

The record supports that even though her friend apparently received the notice of the November 8, 2005, hearing, Himm was never made aware of the date until the order increasing child support was entered. At trial, she testified as follows:

> The only—[Harbin] called me and said, hey, you might have a court date at some time in October, November, I can't tell, go contact your lawyer.
>
>    . . .
>
> So I contacted [my attorney]. And I said, hey, do we have a court date or something? I can't make it. I need you to—if we do, I would need you to show up for me. And his response was, "I haven't received anything by the court. You do not have a court date."

(Transcript p. 21). Through email correspondence, Himm had become aware that Bunch was "pushing for some type of hearing." (Tr. p. 26). Accordingly, she stated that due to her active military status, she had informed her attorney that she would not "be able to make it" and told him "can you make it for me whenever it is." (Tr. p. 26). She clarified that she did not know the exact date of the hearing, merely that something might come up. Himm testified that she was finally informed of the trial court's order increasing her child support obligation when she called Bunch to talk to her daughters:

> [Bunch] responded that, "Oh, by the way, the [c]ourt found against you be-

cause you and your stupid attorney didn't show up and now you have to pay all this money." I said, "We had a court date?" I was in Intel school, I found out, I was on my lunch break. I had absolutely no idea."

(Tr. p. 20). Accordingly, after being informed by Bunch of the entered order, Himm contacted the trial court directly by mail explaining that even though she had made prior arrangements with her attorney to appear on the scheduled date, he failed to attend the hearing.

■ Indiana Trial Rule 60(B)(1) sets aside a default judgment for excusable neglect in situations where the defaulted party establishes a breakdown in communication that results in the party's failure to appear. *See, e.g., Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1235 (Ind.Ct. App.2007). In support of his argument that no excusable neglect occurred, Bunch directs our attention to *Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999). In *Smith*, a doctor and his medical group were sued. *Id.* at 1262. When the summons arrived at the office, a scrub nurse who normally did not receive mail signed for the summons and placed it on the doctor's desk. *Id.* The person who regularly received the mail and handled all legal matters for the office was in the process of leaving the group and was out of the office when the summons was delivered. *Id.* The doctor did not open the summons until after a default judgment had been entered against him and his medical group. *Id.* Our supreme court found that this breakdown in communication was "neglect, but not excusable neglect." *Id.* The court reasoned that even though Smith was aware that the

person who normally handled legal mail was no longer doing that job, he still ignored his mail, including the summonses and motion for default. *Id.* Accordingly, the supreme court stated that "Smith knew his mail was unattended and accepted the risk of adverse consequences." *Id.*

We find the *Smith* case inapposite to the facts at hand. Here, Himm had made arrangements to receive and respond to her mail. It is clear that although Harbin notified her of a possible upcoming hearing, she was never informed of the exact date. Nevertheless, she made her attorney aware of her inability to attend any future court hearings and instructed him to attend the hearing for her. Thus, unlike *Smith*, Himm did not accept the risk of adverse consequences.

Moreover, as soon as she discovered the adverse order entered against her, increasing her child support obligation, she contacted the trial court and had her attorney file a T.R. 60(B)(1) motion to set aside the default order together with a motion to stay proceedings until she returned from her deployment and could attend the hearing. There was no foot dragging on the part of Himm, other than her inability to immediately appear in court because of her active military status. *See, e.g., Whittaker v. Dail*, 584 N.E.2d 1084, 1087 (Ind. 1992). Thus, based on the evidence before us and in light of our deference for deciding disputes on their merits, we cannot conclude that the trial court abused its discretion in determining that Himm's failure to attend the November 8, 2005, hearing was excusable neglect pursuant to T.R. 60(B)(1).[1]

---

1. Bunch also asserts that Himm's attorney was clearly aware of the November 8, 2005, hearing. However, we note that the trial court's Findings and Order of April 10, 2007, setting aside its default Order only includes findings as to Himm's excusable neglect. No findings or conclusions were entered as to Himm's attorney. Accordingly, we do not review Bunch's argument.

## B. *Meritorious Defense*

■ In addition to showing excusable neglect, "[o]ur case law makes clear the movant [for relief from judgment] must also show a meritorious defense to the judgment." *State, Dept. of Natural Resources v. Van Keppel,* 583 N.E.2d 161, 163 (Ind.Ct.App.1991), *trans. denied* (citing *Cornelius v. State,* 575 N.E.2d 20, 21 (Ind.Ct.App.1991)). A meritorious defense is one that would lead to a different result if the case were tried on the merits. *Id.* The movant need not prove absolutely the existence of a meritorious defense. *Id.* The movant must show, however, enough admissible evidence to make a *prima facie* showing of a meritorious defense indicating to the trial court the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand. *Id.*

Our review of the record reveals several meritorious defenses that Himm could raise. Without discussing them all, we will briefly mention the two most prevailing ones. First, in accordance with Ind.Code § 31–16–2–4 a petition seeking child support must be verified. Here, Bunch's petition is unverified as it was not signed under oath and was facially defective. Secondly, Bunch filed his unverified petition for a modification in Himm's child support obligation within one year of entering the original divorce decree. In his petition, Bunch asserted that child support should be raised based on Himm's purported salary increase. No other grounds were alleged in the petition. However, in *MacLafferty v. MacLafferty,* 829 N.E.2d 938, 942 (Ind.2005) our supreme court stated that absent a substantial and continuing change in circumstances that would make the terms of the prior order unreasonable, a difference in income alone cannot support a modification in the child support amount within the first year after entering the divorce decree. Therefore, as we conclude that Himm presented us with a *prima facie* showing of a meritorious defense, we affirm the trial court's grant of Himm's petition to set aside its default judgment.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by setting aside its default order entered against Himm increasing her child support payments.[2]

Affirmed and remanded for further proceedings.

KIRSCH, J., and MAY, J., concur.

---

2. We hereby deny Appellant's Motion for Appellate Attorney Fees.