**HEARTLAND RESOURCES, INC., Heartland–Red River Prospect, LP, David A. Stewart, Richard Stewart, and Mark Haynes, Appellants–Defendants,**

**v.**

**Ambrose BEDEL and Catherine J. Bedel, Appellees–Plaintiffs.**

No. 24A01–0808–CV–399.

Court of Appeals of Indiana.

March 31, 2009.

Michael D. Wilhelm, Wilhelm Law Office, Brookville, IN, Attorney for Appellants.

Gary P. Price, Timothy L. Stewart, Joseph P. Rompala, Lewis & Kappes, P.C., Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Heartland Resources, Inc.; Heartland–Red River Prospect, L.P.; David A. Stewart; Richard Stewart; and Mark Haynes (collectively "Heartland") appeal from the trial court's entry of default judgment against Heartland and award of damages to Ambrose Bedel and Catherine Bedel (collectively "the Bedels"). Heartland presents the following restated issues for our review:

1. Whether the trial court had personal jurisdiction over Heartland.
2. Whether the trial court erred when it awarded the Bedels treble damages.

The Bedels cross-appeal and contend that the trial court erred when it did not award them attorney's fees.

We affirm and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On December 10, 2002, the Bedels entered into a contract ("the contract") with Heartland whereby the Bedels invested $10,750 in Heartland's "gas well ventures" in Louisiana. Appellants' App. at 17. The contract included a forum-selection clause stating that "all matters in dispute" under the contract would be resolved in Warren County, Kentucky. *Id.* at 38. Thereafter, the Bedels invested more money with Heartland over the course of 2003.

On February 12, 2007, the Bedels filed a complaint against Heartland alleging violations of the Indiana Uniform Securities Act, fraud, constructive fraud, deception, breach of fiduciary duty, and identity theft. Heartland did not timely file an answer or other pleading, and, on March 29, 2007, the trial court entered default judgment against Heartland. Thereafter, the trial court granted Heartland an "extension of time" in which to "answer or otherwise plead to Plaintiffs' Complaint." *Id.* at 33. And on May 25, Heartland filed an answer and a motion to dismiss the Bedels' complaint. In the motion to dismiss, Heartland alleged that the trial court did not have personal jurisdiction over Heartland based upon the forum-selection clause in the contract. On February 14, 2008, the trial court denied the motion to dismiss.

On February 29, 2008, Heartland filed a motion to set aside the default judgment.

Heartland did not allege lack of personal jurisdiction in the motion to set aside. The trial court also denied that motion. Following a hearing on the Bedels' damages, the trial court entered judgment against Heartland in the amount of $180,510.10. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Personal Jurisdiction

■ Heartland contends that the trial court abused its discretion when it did not dismiss the Bedels' complaint based upon the forum-selection clause in the contract. Indeed, the majority of Heartland's brief on appeal is devoted to arguments that the forum-selection clause was freely negotiated and just and reasonable. However, those issues are not properly before this court on appeal, and we do not address the validity of the forum-selection clause.

■ Once default judgment is entered against a party, the only means of challenging that judgment is by a motion to set aside the default judgment "in accordance with the provisions of Rule 60(B)." *See* Ind. Trial Rule 55(C); *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 336–37 (Ind.1983); *see also* 3A William F. Harvey, Indiana Practice, § 55.11 at 223 (3d ed.2002). Here, at first, Heartland did not move to set aside the default judgment, but instead moved to dismiss the complaint under Trial Rule 12(B)(2), alleging lack of personal jurisdiction, and under Trial Rule 12(B)(6), alleging failure to state a claim upon which relief can be granted. But because the default judgment had not been set aside, there was no pending cause of action to dismiss. Because judgment on the complaint had been entered, Heartland's subsequent motion to dismiss the complaint was a nullity.

■ Later, when Heartland finally moved to set aside the default judgment

under Trial Rule 60(B)(1), Heartland did not allege lack of personal jurisdiction. Heartland's sole allegation was that mistake, surprise, or excusable neglect had caused it to not properly respond to the complaint. Specifically, Heartland argued that "when the Court granted Defendants' Motion for Extension of Time and permitted Defendants to file a responsive pleading to Plaintiffs' complaint, Defendants believed that the Court had, in effect, set aside the Entry of Default." Appellants' App. at 63–64. A party can waive lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction. *See Maust v. Estate of Bair ex rel. Bair,* 859 N.E.2d 779, 783 (Ind.Ct. App.2007). Here, when Heartland failed to allege lack of personal jurisdiction in its Trial Rule 60(B)(1) motion to set aside, it waived that issue for review on appeal.

■ Heartland also has not shown that the trial court abused its discretion when it denied its motion to set aside default judgment. In addition to showing excusable neglect, a movant for relief from judgment under Trial Rule 60(B)(1) must show a meritorious defense. *See Bunch v. Himm,* 879 N.E.2d 632, 637 (Ind.Ct.App. 2008). A meritorious defense is one that would lead to a different result if the case were tried on the merits. *Id.* The movant need not prove absolutely the existence of a meritorious defense. *Id.* The movant must show, however, enough admissible evidence to make a prima facie showing of a meritorious defense indicating to the trial court the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand. *Id.*

■ Here, Heartland did not plead the forum-selection clause or any meritorious defense, but merely alleged that the Bedels' allegations were "not ... based in fact." Appellants' App. at 64. Heartland did not present any evidence in support of that bare assertion. Indeed, Heartland was not even present at the hearing on its motion to set aside default judgment. Heartland has not demonstrated that the trial court abused its discretion when it denied its motion to set aside default judgment.

## Issue Two: Treble Damages

■ Heartland next contends that the trial court erred when it awarded treble damages to the Bedels. Heartland maintains that the Bedels' claims "fall squarely under" the Indiana Uniform Securities Act ("the Act"), which does not provide for treble damages.[1] In essence, Heartland contends that because the award is based on damages arising from the Bedels' investment in securities, the Act is the exclusive remedy. But there is nothing in the Act making it the exclusive remedy for the Bedels. *See, e.g., Call v. Scott Brass, Inc.,* 553 N.E.2d 1225, 1229 (Ind.Ct.App.1990) (observing that statutes that provide exclusive remedies specify their exclusivity in the statute, e.g., Worker's Compensation Act and Medical Malpractice Act), *trans. denied.*

■ More importantly, the Bedels did not rely solely on the Act in their complaint. It is well settled that a plaintiff may allege alternative theories in his complaint. *Cahoon v. Cummings,* 734 N.E.2d 535, 543 (Ind.2000). In their complaint, the Bedels made some allegations under

---

**1.** Damages available under the Indiana Uniform Securities Act include the consideration paid for the security, less the amount of any income received on the security, and interest at the greater of 8% per annum or the rate provided for in the security from the date of the purchase, costs, and reasonable attorney's fees. Ind.Code § 23–19–5–9(a)(1).

the Act, but under separate counts they also alleged fraud and deception, generally. And the Bedels alleged that they were entitled to treble damages under Indiana Code Section 34–24–3–1, the Crime Victim's Relief Act, which enumerates fraud and deception as crimes for which a victim can bring a civil action for damages.[2]

The trial court entered default judgment, which has been defined as a confession of the complaint, and it is rendered without a trial of any issue of law or fact. *See Prime Mortgage, USA, Inc. v. Nichols,* 885 N.E.2d 628, 660 (Ind.Ct.App. 2008). Because the Bedels alleged, for example, that Heartland "knowingly and intentionally made false written statements with the intent to obtain property in violation of [Indiana Code Section] 35–43–5–3," that allegation was taken as true when the trial court entered default judgment. *See* Appellants' App. at 26. And because that crime, deception, is enumerated in the Crime Victim's Relief Act, the trial court had discretion to award treble damages on that basis.[3]

In its order awarding the Bedels damages, the trial court stated in relevant part:

> Plaintiffs' general damages relating to the investment in securities are Sixty Thousand One Hundred Twelve Dollars and Seventy Cents ($60,112.70). Plaintiffs are entitled to an award of treble damages, or damages of One Hundred Eighty Thousand Three Hundred Thirty Eight Dollars and Ten Cents ($180,-338.10). This amount is reduced to

judgment. *This award is based upon Defendants' fraud and deception as detailed in the complaint.*

Appellants' App. at 14 (emphasis added). Thus, rather than awarding the Bedels damages under the Act, which does not provide for treble damages, the trial court expressly based the award on Heartland's "fraud and deception as detailed in the complaint." *Id.* The trial court did not err when it awarded the Bedels treble damages.

## CROSS–APPEAL

The Bedels contend that the trial court erred when it did not award them attorney's fees. This Court has held that a plaintiff is entitled to attorney's fees, including appellate attorney's fees, when she prevails under the Crime Victim's Relief Act. *See Benge v. Miller,* 855 N.E.2d 716, 722 (Ind.Ct.App.2006). We remand to the trial court with instructions to determine a "reasonable attorney's fee," including appellate attorney's fees, and to include those amounts in the Bedels' award. *See* I.C. § 34–24–3–1.

Affirmed and remanded with instructions.

BAKER, C.J., and KIRSCH, J., concur.

---

**2.** Indiana Code Section 34–24–3–1 provides for damages "in an amount not to exceed three times the actual damages of the person suffering a pecuniary loss under Indiana Code Sections 35–43, 35–42–3–3, 35–42–3–4, or 35–45–9." A criminal conviction under the underlying statute is not required to recover in civil action under Indiana Code Section 34–24–3–1. *See Sam & Mac. Inc. v. Treat,* 783

N.E.2d 760, 766 (Ind.Ct.App.2003). And a plaintiff need only prove the elements of the underlying crime by a preponderance of the evidence. *Id.*

**3.** The Bedels also alleged fraud in their complaint. Fraud is enumerated in the Crime Victim's Relief Act.