## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 15 2017, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Abraham Murphy
Abraham Murphy Attorney at Law, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Christopher J. McElwee
Monday McElwee and Albright
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ruben Pazmino, <br> *Appellant-Defendant,* <br><br> v. <br><br> 2444 Acquisitions, LLC, <br> *Appellee-Plaintiff.* | November 15, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1701-PL-53 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James B. Osborn, Judge <br><br> Trial Court Cause No. <br> 49D14-1605-PL-16074 |

**Mathias, Judge.**

[1] Ruben Pazmino ("Pazmino") appeals the trial court's order denying his request to set aside a default judgment entered against him in favor of 2444

Acquisitions, LLC ("2444 Acquisitions").[1] Pazmino raises two issues, which we consolidate and restate as whether the trial court abused its discretion when it denied Pazmino's motion to set aside default judgment.

We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

Pazmino acquired a 49% ownership stake in 2444 Acquisitions in 2007. In 2008, 2444 Acquisitions leased property to El Sol Also Rises, Inc. ("El Sol").[2] Pazmino owned a 51% ownership interest in El Sol. El Sol operated a Mexican Restaurant from 2008 through July 2014. Pazmino took over operations of the restaurant in fall 2011. Pazmino did not pay rent to 2444 Acquisitions during the three-year period from when he took over operations until the restaurant closed. 2444 Acquisitions filed for bankruptcy in 2014 and also filed a complaint for turnover of unpaid rent from El Sol.

In January 2015, the United States Bankruptcy Court for the Southern District of Indiana ("bankruptcy court") entered a judgment in favor of 2444 Acquisitions and against El Sol in the amount $255,581.95 for the unpaid rent. Thereafter, 2444 Acquisitions filed a third-party complaint against Pazmino alleging that Pazmino was personally liable for the rent amount owed by El Sol.

[1] 2444 Acquisitions was administratively dissolved in December 2013.

[2] El Sol was administratively dissolved in December 2014.

[5] In February 2016, the bankruptcy court concluded that "as a result of Pazmino's breach of his fiduciary duty to avoid self-dealing, [2444 Acquisitions] sustained damages in the amount of $255,581.95 plus costs, fees, and interest." Appellant's App. p. 45. However, because the bankruptcy court determined the issue was a "non-core, related matter," it could not enter a final judgment. *Id.* at 43.

[6] On May 9, 2016, 2444 Acquisitions filed a complaint against Pazmino seeking to enforce the judgment of the bankruptcy court. In its complaint, 2444 Acquisitions alleged (1) tortious interference of contract, (2) tortious interference with a business relationship, (3) breach of fiduciary duty, and (4) personal liability of Pazmino for El Sol. 2444 Acquisitions was granted permission to serve Pazmino by publication.[3] Notice was filed in the Indianapolis Recorder Newspaper on May 20, May 27, and June 3. On June 20, the clerk filed a return on service by publication, which demonstrated that service by publication was complete. Pazmino, living in Chicago at the time, never responded to the complaint.

[7] On July 5, the first permissible day under Indiana Trial Rule 4.13, 2444 Acquisitions filed, and the trial court granted, a motion for default judgment against Pazmino in the amount of $255,581.95. Pazmino filed a motion to set

---

[3] In July 2015, 2444 Acquisitions attempted to serve Pazmino by certified mail at his Chicago address. The mail was returned "undeliverable." Appellant's App. p. 36. Based on this, 2444 Acquisitions filed a practice for service by publication and an affidavit in support in May 2016. *Id.* at 12–13.

aside the default judgment on August 25. The court held a hearing on the motion on November 7, and denied it on December 12. The court noted in the order "that there is no meritorious defense which would lead to a different result if the case was tried upon the merits." Appellant's App. p. 54. Pazmino now appeals.

## Discussion and Decision

[8] Pazmino argues that the trial court abused its discretion when it denied his motion to set aside default judgment. Because Indiana law strongly prefers disposition of cases on the merits, default judgments are generally disfavored, and the trial court's discretion in granting a default judgment should be exercised in light of this disfavor. *Coslett v. Weddle Bros. Const. Co., Inc.*, 798 N.E.2d 859, 861 (Ind. 2003). On appeal, we review the trial court's decision for an abuse of discretion. *Allstate Ins. Co. v. Watson*, 747 N.E.2d 545, 547 (Ind. 2001). An abuse of discretion occurs when the trial court's denial is clearly against the logic and effect of the facts and inferences supporting the order. W*hitt v. Farmer's Mutual Relief Ass'n*, 815 N.E.2d 537, 539 (Ind. Ct. App. 2004).

[9] Indiana Trial Rule 55(C) explains that "[a] judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." Indiana Trial Rule 60(B) provides in relevant part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

***

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

***

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

***

A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

[10] By seeking relief under subsections (1), (4), and (8), Pazmino must also "allege a meritorious claim or defense." *Id.* A meritorious defense for the purposes of Trial Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." *Bunch v. Himm*, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008).

[11] Pazmino initially argues that "the service by publication was inadequate, it was unreasonable under the circumstances, and *did not result in personal jurisdiction over Pazmino*." Appellant's Br. at 9 (emphasis added). However, when Pazmino moved to set aside the default judgment under Trial Rule 60(B), he did not allege lack of personal jurisdiction. Pazmino claimed that mistake or excusable neglect resulted in his failure to respond. Appellant's App. pp. 27–29. "A party can waive lack of personal jurisdiction and submit himself to the jurisdiction of

the court if he responds or appears and does not contest the lack of jurisdiction." *Heartland Resources, Inc. v. Bedel*, 903 N.E.2d 1004, 1007 (Ind. Ct. App. 2009). Therefore, when Pazmino failed to allege lack of personal jurisdiction in his Trial Rule 60(B) motion, he waived that issue for appeal. *Id; see also Morequity, Inc. v. Keybank, N.A.*, 773 N.E.2d 308, 314 (Ind. Ct. App. 2002) (Mortgagee's failure to raise a lack of personal jurisdiction with the trial court, or to mention Indiana Trial Rule 60(B)(6) in its motion for relief of default judgment waived its right to argue that the trial court lacked personal jurisdiction on appeal), *trans. denied*.

[12] Waiver of personal jurisdiction aside, Pazmino satisfies the first requirement for setting aside a default judgment under either Indiana Trial Rule 60(B)(1) or (4). Indiana Trial Rule 60(B)(1) allows a trial court to set aside a default judgment for "mistake, surprise, or excusable neglect." Our courts have consistently held that failure to receive actual notice due to faulty process can constitute excusable neglect. *E.g., Kretschmer v. Bank of America, N.A.*, 15 N.E.3d 595, 600 (Ind. Ct. App. 2014) (citation omitted), *trans denied.* Under Trial Rule 60(B)(4), a trial court can set aside a default judgment when a party was served only by publication and had no actual knowledge of the proceedings against him. *Ferguson v. Stevens*, 851 N.E.2d 1028, 1031 (Ind. Ct. App. 2006).

[13] Pazmino moved to Chicago in 2014 and testified that he does not receive any Indianapolis newspapers. Tr. pp. 5, 8. When Pazmino was asked if he ever received the summons or complaint in this case, he responded, "No, I never

have." *Id.* at 8. 2444 Acquisitions concedes this point in their brief stating, "Pazmino never received the summons and complaint at his Chicago address and didn't see the notice in the Indianapolis Recorder." Appellee's Br. at 12. Because Pazmino was served by publication and lacked actual knowledge of the complaint against him, he has demonstrated a sufficient reason for setting aside the default judgement under Trial Rule 60(B)(1) or (4). However, under either Rule 60(B)(1) or (4), Pazmino must also allege a proper meritorious defense.

[14] In its order, the trial court denied Pazmino's motion because it found "that there is no meritorious defense which would lead to a different result if the case was tried upon the merits." Appellant's App. p. 54. Absolute proof of the defense is unnecessary; however, there must be "enough admissible evidence to make a prima facie showing of a meritorious defense indicating to the trial court the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand." *Heartland Resources, Inc.*, 903 N.E.2d at 1007. "It is up to the trial court to determine on a case-by-case basis whether a movant has succeeded in making a prima facie allegation [of a meritorious defense]." *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1238 (Ind. Ct. App. 2007).

[15] 2444 Acquisitions argues that Pazmino failed to assert a meritorious defense because he did not "consider the allegations in the entire complaint," and that he "failed to provide allegations or evidence that would cause the trial court to rule differently than the bankruptcy court did." Appellee's Br. at 10–11.

Pazmino restates the argument he made in his motion to set aside default judgment:

> [2444 Acquisitions have] alleged that they should be entitled to a judgment against Pazmino merely because they have a judgment against an entity in which Pazmino may have had an interest. . . . There must be some kind of showing that Pazmino is personally liable for the debts of a corporation, not merely because [2444 Acquisitions] says it is so.

Appellant's Br. at 11.

[16] A default judgment here amounts to a confession of all four counts stated in 2444 Acquisition's complaint against Pazmino. *JK Harris & Co., LLC v. Sandlin*, 942 N.E.2d 875, 885 (Ind. Ct. App. 2011), *trans. denied.* While the relief sought under each of the first three counts is payment for the rent owed, Count IV seeks to hold Pazmino personally liable for the unpaid rent *but also* for all of El Sol's debts.

[17] Pazmino's meritorious defense argument in his motion to set aside default judgment and his brief focuses entirely on Count IV. Additionally, at the hearing to set aside default judgment, Pazmino was directly asked if he felt he should be personally liable for the debts of El Sol. Tr. p. 9. He responded, "Personally, no." *Id.* at 10.

[18] In Indiana, "a shareholder of a corporation is not personally liable for the acts or debts of the corporation except that the shareholder may become personally liable by reason of the shareholder's own acts or conduct." Ind. Code § 23-1-26-

3(b). "[O]ur courts are reluctant to disregard corporate identity; however, we may do so if it is necessary to prevent fraud or unfairness to third parties." *Ziese & Sons Excavating, Inc. v. Boyer Const. Corp.*, 965 N.E.2d 713, 719 (Ind. Ct. App. 2012). An individual may be held liable for the debts of corporation under the principles of piercing the corporate veil or the alter ego doctrine. *Id.* at 719–20. However, using either necessitates a "highly fact-sensitive inquiry," and the party seeking to impose personal liability of corporate debt bears the burden of proof. *Id.* (citation and quotation omitted).

[19] Here, the bankruptcy court did *not* determine that Pazmino was personally liable for all debts of El Sol.[4] Thus, although Pazmino has failed to allege a meritorious defense for Counts I, II, or III in the complaint,[5] he has alleged a meritorious defense to Count IV, i.e., "2444 should first be required to show that it can pierce the corporate veil or prove an alter ego theory of liability" before Pazmino can be held personally liable for all debts of El Sol. Appellant's Br. 11; *see also Ziese & Sons Excavating , Inc.*, 965 N.E.2d at 721 (holding that a trial court's decision to pierce the corporate veil is fact-sensitive and is rarely

---

[4] The bankruptcy court found that Pazmino breached his fiduciary duty to avoid self-dealing and awarded the amount of rent owed, $255,581.95 plus costs, fees, and interest, to 2444 Acquisitions. Appellant's App. p. 45.

[5] Pazmino stated in his motion to set aside default judgment that he "strongly disputes the sum and substance of the claims that are set forth in 2444's Complaint. If given the opportunity . . . he will strongly defend against the merits of 2444's action." Appellant's App. p. 30. However, a broad statement simply disputing the claims, or declaring that except for excusable neglect the suit would have been defended on the merits are insufficient to establish a meritorious defense. *Teegardin v. Maver's, Inc.*, 622 N.E.2d 530, 533 (Ind. Ct. App. 1993). Additionally, Pazmino does not dispute any of the elements necessary for tortious interference with contract (Count I) or tortious interference with business relationship (Count II). Further, Pazmino does not dispute the bankruptcy court's finding that he breached his fiduciary duty (Count III).

appropriate on summary judgment). Therefore, because Pazmino asserts that his conduct does not rise to the level necessary for 2444 Acquisitions to pierce the corporate veil, he has adequately alleged a meritorious defense for Count IV.

## Conclusion

[20] Under the facts and circumstances before us, we conclude that Pazmino waived his right to argue that the trial court lacked personal jurisdiction over him. Additionally, the trial court did not abuse its discretion when it declined to set aside default judgment on Counts I, II, and III, because Pazmino failed to allege a meritorious defense. However, Pazmino has made a proper showing of a meritorious defense on Count IV. Accordingly, we affirm in part, reverse in part, and remand with instructions to set aside default judgment on Count IV.

[21] Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Vaidik, C.J., and Crone, J., concur.