## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2018, 7:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darin Higgs
Evansville, Indiana

ATTORNEY FOR APPELLEE

Robin R. Craig
Evansville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michelle Schum,<br>*Appellant-Defendant,*<br><br>v.<br><br>Morgan Schum,<br>*Appellee-Plaintiff* | February 22, 2018<br><br>Court of Appeals Case No.<br>82A01-1708-DR-1893<br><br>Appeal from the Vanderburgh Superior Court<br><br>The Honorable Robert J. Tornatta, Judge<br><br>Trial Court Cause No.<br>82D05-1503-DR-319 |

**May, Judge.**

[1]     Michelle Schum ("Mother") appeals the trial court's denial of her motion for relief from judgment. She makes multiple arguments, only one of which we need address: whether the trial court abused its discretion when it denied her motion for relief from its order. Because Mother has demonstrated neither the

excusable neglect nor the meritorious defense required to obtain the relief she requested, we affirm.

# Facts and Procedural History[1]

On March 16, 2017, Morgan Schum ("Father") filed a "Petition to Modify Custody, Parenting Time & Support and for Supervised Parenting Time." (Appellant's App. Vol. II at 14) (formatting revised). Father's Petition alleged Mother was cohabiting with an individual who was physically abusive towards her, creating a "substantial and continuing change in circumstances," (*id.*), such that it would be "in the best interest of the minor children" to change the custody, child support, and parenting time arrangements. (*Id.*) The trial court scheduled a hearing for 8:00 a.m. on April 4, 2017. Mother was duly served with notice and does not contest that service.

On April 4, 2017, at 8:18:28 a.m., Mother was called in open court but did not appear. Father's counsel, Robin Craig, went to the hall to call Mother but she did not respond. Under oath, Father testified as to his request for modification of custody, support, and parenting time. At 8:23:27 a.m., at the conclusion of Father's testimony, the trial court called for Mother again but she did not

---

[1] Appellate Rule 46(A)(6) provides that an appellant's statement of facts "shall describe the facts relevant to the issues presented for review [and] shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed." Here, Mother's statement of facts omits and/or misstates facts related to Mother's failure to appear, Mother's filings, and the alleged withdrawal of Father's counsel. Father's inability to agree with Mother's statement of facts is well taken, and we appreciate Father's efforts to clarify the relevant procedural and factual history.

respond. At 8:25:16 a.m., the trial court ruled in Father's favor and the matter was concluded. Later that morning, before Father's counsel had left the building, Mother arrived at the courthouse. Father's counsel and Mother went to the courtroom, and the trial court advised Mother of its ruling and of Mother's rights to consult counsel and to appeal.

[4] On April 6, 2017, Mother obtained counsel who then filed a Motion for Relief from Judgment.[2] Pursuant to Indiana Trial Rule 60(B), Mother argued the ruling should be set aside "due to [her] mistake, surprise, or excusable neglect[.]" (Appellee's App. Vol. II at 3.) On May 16, 2017, Mother amended her motion to add the allegation Father's petition to modify was not verified and, therefore, was facially defective. On July 19, 2017, the court held a hearing on Mother's amended motion for relief from judgment and took the matter under advisement. Later that day, the trial court denied Mother's motion.

# Discussion and Decision

[5] Mother asserts the trial court abused its discretion when it denied her motion for relief under Indiana Trial Rule 60(B). Indiana Trial Rule 60(B) says a court may, upon motion by a party, relieve the party from the judgment if "mistake, surprise, or excusable neglect" are shown. A movant alleging mistake, surprise,

---

[2] This document, pertinent to the issues at hand, was not provided by Mother in her Appendix. Father filed an Appendix that included the document.

or excusable neglect "must allege a meritorious claim or defense." Ind. Trial Rule 60(B). Mother claimed her confusion about the time of the April 4 hearing constituted excusable neglect and she had a meritorious defense because Father's petition was not verified.[3] However, the trial court denied her motion.

[6] We review a denial of a motion for relief from judgment for an abuse of discretion. *Thompson v. Thompson*, 811 N.E.2d 888, 903 (Ind. Ct. App. 2004), *reh'g denied, trans. denied*. An abuse of discretion occurs if the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the judgment, or if the court has misinterpreted the law. *Id*. To prevail, Mother "must establish (1) excusable neglect and (2) a meritorious basis to set aside the judgment—also referred to as prejudice." *Id*. The burden to establish relief is on the movant. *Id.* "Because the facts and circumstances of each case differ, there are no fixed rules or standards for determining what constitutes excusable neglect pursuant to Trial Rule 60(B)(1)." *Id.* Thus, the trial court was required to "balance the need for an efficient judicial system against the judicial preference for resolving disputes on their merits." *Id*.

---

[3] On appeal, Mother also alleges the evidence Father submitted on April 4, in favor of his petition for change of custody, was inadmissible hearsay. Mother did not raise this argument before the trial court at the hearing on her motion to set aside the default judgment; thus, any allegations as to Father's alleged hearsay evidence are waived. *See Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000) (waiver of the error on appeal if objection or argument not raised at trial).

[7]     Mother claims the fact she was late to the April 4 hearing was excusable, and she analogizes her case to *Butler v. State*, 933 N.E.2d 33 (Ind. Ct. App. 2010). In *Butler*, we reversed a default judgment against Butler because court staff had told Butler the hearing time was 1:00 p.m., when in fact it was 9:30 a.m. *Id*. at 35. Here, Mother was served with notice that indicated the hearing on Father's petition would begin at 8:00 a.m., but, she admits, she "thought that the court date was 9, 9:00" until she checked the notice on the morning of the hearing. (7/19/2017 Tr. at 18.) Mother admits she did not arrive until, "Um, maybe, 8:20ish[.]" (*Id.*) *Butler* does not control because Butler had been told the wrong time by court personnel, while Mother was served with proper notice and that notice had the correct information on it for the hearing. Accordingly, Mother's failure to arrive for the hearing was neglect that was not excusable.[4] *See Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind. 1999) (doctor's failure to open his mail did not equate to excusable neglect when he failed to respond to a lawsuit and default judgment was entered against him).

[8]     Notwithstanding Mother's failure to show excusable neglect, she also does not present a meritorious defense. She argues Indiana Code section 31-16-2-4 requires Father's petition to modify be verified, and in support thereof Mother

---

[4] Mother also claims the trial court did not treat the parties equally because it did not default Father when he failed to appear for a hearing on May 24, 2017. However, we find no evidence in the record that Father was to attend a hearing and failed to appear. The CCS indicates both parents' counsel appeared on May 24, 2017, for a scheduling conference with the court. Because the record does not seem to support Mother's argument, we cannot address it. *See* Ind. Appellate Rule 46(A)(8)(a) (failure to present cogent argument supported by legal authority and citations to the record waives issue for appellate review).

relies on *Bunch v. Himm*, 879 N.E.2d 632 (Ind. Ct. App. 2008). There, Bunch filed a petition to modify child support when Himm's income increased due to her deployment to active duty military service. Bunch did not verify the petition, which was filed within twelve months of the last child support order. Himm did not appear at the hearing, and the trial court entered a default judgment in her absence. Subsequently, Himm moved for relief from judgment because she had not received notice of the hearing, and the trial court granted her relief.

[9] Bunch appealed and, in our review of the circumstances, we listed "prevailing" meritorious defenses. *Id*. at 637. One of those was that, when seeking child support, Indiana Code section 31-16-2-4 requires the petition be verified. The second was the requirements for a petition to modify that are set out in Indiana Code section 31-16-8-1. We noted Bunch's petition was not verified, was filed within one year of the last order, and did not allege any other grounds for such a modification beyond Himm's purported salary increase. As our Indiana Supreme Court had previously held that without a substantial and continuing change of circumstances, a difference in income alone is not sufficient to change a support order if twelve months had not elapsed since the last order, *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 942 (Ind. 2005), we held Himm had made a "*prima facie* showing of a meritorious defense" and affirmed the trial court's decision to set aside the default judgment against her. *Bunch*, 879 N.E.2d at 637. Although the fact an unverified petition seeking child support was stated as a meritorious defense, to affirm the trial court's order of relief

from judgment, we relied on the fact Bunch had not alleged a substantial and continuing change in circumstances that would justify the modification prior to the one-year mark.

[10] While Indiana Code section 31-16-2-4 requires a petition to establish child support be verified, the requirements for filing a petition to modify child support are set out in a different chapter of the Indiana Code, specifically section 31-16-8-1. That statute requires a petitioner requesting modification to show 1) "changed circumstances so substantial and continuing as to make the terms unreasonable" or 2) a 20% difference from the previous order and that more than 12 months have elapsed since the last order. Ind. Code § 31-16-8-1(b) (1997). Nothing in this statute, or any other statute in chapter 8 of Indiana Code article 31-16, requires a petition to modify child support to be verified. Mother does not allege the requirements Indiana Code section 31-16-8-1 have not been met. Instead, she relies wholly on the fact the petition to modify was not verified. As that is not a requirement for a petition to modify, Mother's argument that she has a meritorious defense fails.

[11] Because Mother has shown neither excusable neglect nor a meritorious defense, the trial court did not abuse its discretion when it denied her motion for relief from judgment, and we affirm.

[12] Affirmed.

Altice, J., concur.

Vaidik, C.J., concurs in result with separate opinion.

ATTORNEY FOR APPELLANT

Darin Higgs
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Robin R. Craig
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michelle Schum,<br>*Appellant-Respondent,*<br><br>v.<br><br>Morgan Schum,<br>*Appellee-Petitioner* | Court of Appeals Case No.<br>82A01-1708-DR-1893<br><br>Appeal from the Vanderburgh<br>County Superior Court<br><br>The Honorable Robert J. Tornatta,<br>Judge<br><br>Trial Court Cause No.<br>82D05-1503-DR-319 |

**Vaidik, Chief Judge, concurring in result.**

Here, the trial court "defaulted" Mother because she appeared approximately thirty minutes late for the modification-of-custody hearing. Appellant's App. Vol. II p. 6. I am deeply inclined to find excusable neglect in these circumstances because the lives of two minor children are at stake. *See Young v. Elkhart Cty. Office of Family & Children*, 704 N.E.2d 1065, 1068 (Ind. Ct. App. 1999) ("Generally, default judgments are not favored in Indiana, and they are especially undesirable in the context of divorce or custody proceedings because

of the grave importance of the matters decided therein. Any doubt as to the propriety of a default judgment is to be resolved in favor of the defaulted party." (citations omitted)); *see also Walker v. Kelley*, 819 N.E.2d 832, 837 (Ind. Ct. App. 2004) ("[W]e do not see how the best interests of the children could be ascertained without a hearing that affords **both** parents the opportunity to present evidence and cross-examine witnesses . . . ." (emphasis added)).

[14] However, Mother has given no meritorious defense. She claimed only that the testimony from Father was hearsay and that his petition was unverified. She did not deny Father's allegations that the police arrested her live-in boyfriend after he beat her up in the presence of the children. She did not claim that the boyfriend was no longer living with her or that the children would be better off with her. As a result, I concur in the result reached by the majority.